Brian OLIVER

v.

Elwin L. MARTIN.[1]

Supreme Judicial Court of Maine.

Argued March 15, 1983.

Decided June 3, 1983.

Hewes, Culley, Feehan & Beals, George W. Beals (orally), Portland, for plaintiff.

Tom Brand (orally), Portland, for defendant.

1. Martin was sued in his individual capacity for assault. We therefore delete "d/b/a Al Martin's Locksmith Shop" from the caption.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

In February 1979, plaintiff Oliver began this action against Martin for assault. Two years later, Martin was ordered defaulted for his failure to file a timely responsive pre-trial memorandum. After a hearing on damages in Superior Court, Cumberland County, judgment was entered for compensatory and punitive damages against Martin. On appeal, Martin raises several alleged errors. We vacate the judgment and remand for a new hearing on punitive damages.

■■■ First, Martin objects to being defaulted. Maine Rule of Civil Procedure 16 generally requires a party to file a responsive pre-trial memorandum within 20 days after service of the other party's pre-trial memorandum. Failure to file a responsive pre-trial memorandum is grounds for the imposition of sanctions, including default, M.R.Civ.P. 16(a)(1), and such imposition of a default is reviewable only for abuse of discretion. *Reeves v. Travelers Insurance Co.,* 421 A.2d 47, 48n.2 & 49–50 (Me.1980); *see Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me.1978).

The plaintiff in this case sent Martin's counsel a copy of his pre-trial memorandum in February, 1980; the plaintiff's filing of his memorandum was noted on the docket February 27, 1980. Martin's successor counsel, who entered the case on March 12, then requested a copy of plaintiff's pre-trial memorandum on October 27 and was apparently sent one on December 12. On these facts, we are unable to conclude that the presiding justice abused his discretion when, on February 18, 1981, he ordered Martin defaulted for his failure to file either a responsive pre-trial memorandum or a request for an extension of time to file.

*Cf. Lerman v. Inhabitants of the City of Portland,* 406 A.2d 903, 904 (Me.1979) (upholding dismissal of plaintiff's action for failure to comply with pre-trial order for ten months).

Next, Martin contends that the trial justice improperly restricted the scope of testimony in the hearing on damages. Martin appears to raise two objections: first, that the justice erred in restricting the scope of the hearing to damages alone and, second, that evidence relevant to punitive damages was improperly excluded.

■■■ Martin appeared at the damages hearing pro se. He now contends that, because he did not understand that he had been defaulted, he should have been permitted to relitigate his liability at the damages hearing. Once Martin was defaulted, however, the court properly held a hearing limited in scope to the issue of damages. M.R. Civ.P. 55(b)(2); Field, McKusick & Wroth, *Maine Civil Procedure* § 55.6 (Supp.1981). Furthermore, it was Martin's own option to appear pro se; he cannot now be heard to claim that he regrets that decision.

■■■ We agree, however, with Martin's contention that the presiding justice erred in limiting the introduction of evidence potentially relevant to punitive damages.[2] Martin's default established only his liability; all questions relating to damages, whether compensatory or punitive, remained open for determination at the damages hearing. *See* M.R.Civ.P. 55(b)(2). Punitive damages must be based on the trier of fact's assessment of whether and to what degree defendant's tortious conduct was accompanied by aggravating circumstances; i.e., whether it was intentional, wanton, malicious, reckless, or grossly negligent. *McKinnon v. Tibbetts,* 440 A.2d 1028, 1031 & n. 3 (Me.1982); *Vicnire v. Ford Motor Credit Co.,* 401 A.2d 148, 155 (Me.1979). Clearly, evidence about the events sur-

2. Neither party has questioned the propriety of awarding punitive damages as a matter of judicial discretion. We assume, therefore, for the purposes of this opinion, that exemplary or punitive damages may be awarded where there is a rational finding of wanton, malicious, reckless or grossly negligent conduct.

rounding Martin's assault on Oliver, though inadmissible on the issue of liability, is directly relevant to the assessment of punitive damages. The presiding justice, however, limited the hearing to questions of whether, in fact, Martin's assault caused the injuries complained of by plaintiff and of the extent of plaintiff's compensatory damages. We must, therefore, vacate the presiding justice's award of punitive damages and remand the case for hearing to permit Martin a full opportunity to litigate that issue.[3]

The entry is:

Judgment vacated.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** Martin also suggests, for the first time on appeal, that a motion to withdraw filed by one of his counsel was improperly granted. "As we have often stated, 'questions of error not raised and properly preserved in the trial court will not be considered on appeal.'" *Comber v. Inhabitants of the Plantation of Dennistown,* 398 A.2d 376, 381 (Me.1979) (quoting *Frost v. Lucey,* 231 A.2d 441, 445 (Me.1967)). We therefore decline to address this issue.