**Dorothea M. McNUTT**

v.

**Nadine R. JOHANSEN.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1983.

Decided July 6, 1984.

Verrill & Dana, A.M. Horton (orally), Christopher Neagle, Portland, for plaintiff.

Brian R. Olson, North Windham (orally), for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Nadine Johansen appeals from a decision of the Superior Court, Cumberland County, denying her motion to strike a default and awarding judgment to the plaintiff, Dorothea McNutt. On appeal she argues, *inter alia*, that the presiding justice erred in denying her motion to strike the default and in refusing to allow her to present evidence at the hearing upon plaintiff's motion for default judgment. We conclude there was no abuse of discretion in denying Johansen's motion to strike, and that the court acted in conformity with M.R.Civ.P. 55. Accordingly, we affirm the judgment.

## I.

Dorothea McNutt is record owner of a parcel of land in the town of Standish. Nadine Johansen owns an adjacent lot in joint tenancy with her husband, Harold. The Johansens assert ownership of a house situated on or near the common boundary between the two lots. On September 29, 1981, McNutt filed a complaint in Superior Court seeking a declaration as to the location of the boundary line. The complaint also stated that the house was located on McNutt's land, and sought damages based upon occupancy and use of the house by the Johansens. The complaint named Harold and Nadine Johansen and the Gorham Savings Bank, holder of a mortgage interest in the Johansen property, as defendants. Service of process was made upon the bank and upon Harold at his residence in Milford, Connecticut, and on October 27, a local Maine attorney entered an appearance on behalf of Harold and Nadine. On November 5, Nadine was served with a copy of the summons and complaint at her residence in Reeds Springs, Missouri.

By exchange of letters, it was determined that the original law firm that had entered an appearance on behalf of the Johansens would no longer represent their interests. Subsequently, Harold Johansen filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Connecticut, thereby staying the proceedings as to him. The bank filed an answer on November 18, but Nadine Johansen, apparently believing that her husband's bankruptcy petition would shield her as well, neglected to do the same. McNutt filed an application for default against Nadine Johansen on November 30, and default was entered on December 1, 1981. On August 17, 1982, McNutt filed a motion for default judgment,[1] and on September 2, Nadine Johansen, having retained counsel, filed an answer to the complaint and a motion to strike default.[2] On October 22, the court, having taken both matters under advisement, denied McNutt's motion for default judgment based on insufficient evidence in the accompanying affidavit. On

---

1. At the same time McNutt moved to dismiss her complaint as to Harold Johansen. She likewise dismissed her complaint as to Gorham Savings Bank at the hearing on February 1, 1983. The default judgment entered in February 3, 1983 was, therefore, a final disposition as to the only party then involved. No issue has been raised concerning the absence of Harold Johansen.

2. The motion to strike default was actually the second such motion on record in this case. On December 28, 1981, the Johansens' son, Russell, who is not an attorney, sent a letter entitled "Motion to Strike Default" to the Clerk of Courts. The Clerk docketed the letter as a motion, and a hearing was scheduled for April 2, 1982. At the hearing the court denied the motion after allowing Russell to speak *de bene esse*, notwithstanding his status as a non-attorney. It should be noted, however, that the ruling by the court on the September 2 motion to strike default represents the first and only ruling based upon the merits of the motion.

November 29, the court also denied Nadine Johansen's motion to strike default. The parties subsequently renewed their motions, and on February 1, 1983, the court again denied Nadine Johansen's motion to strike default based upon the law of the case.[3] On February 3, judgment was entered in favor of McNutt.

## II.

■■■ Rule 55(c) of the Maine Rules of Civil Procedure states that "[f]or good cause shown, the court may set aside an entry of default." In order to show good cause, however, a defaulted party must demonstrate both a good excuse for the default occurring and a meritorious defense to the action. *Porges v. Reid,* 423 A.2d 542, 544 (Me.1980); *see also* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 at 24 (2d ed. 1970). Johansen contends on appeal that the presiding justice erred in denying her motion to strike default. Such a ruling is within the sound discretion of the trial court, and we will review that ruling only for an abuse of discretion. *Porges,* 423 A.2d at 544; *Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me.1978). In so doing, we pay considerable deference to the presiding justice's determination. *Porges,* 423 A.2d at 544; *see also* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 at 353 (2d ed. Supp.1981).

■■■ Johansen's principal argument is that she neglected to file an answer because she believed she would be shielded by her husband's petition for bankruptcy.[4] While there is little in the record, beyond the bare assertion, to support this contention, there is also ample contrary indicia that she either knew or should have known of her obligation to file an answer to the complaint. The summons that was served upon her clearly states that default will lie upon a failure to seasonably file an answer. The Johansens' original attorney admonished them by letter that "you will have to answer [the complaint] ... on or before the 20th of November." Even assuming arguendo that Nadine's belief in the shielding aspect of her husband's bankruptcy petition was genuine, the receipt of contrary information from other sources would have alerted a reasonable person, at the very least, to the need to make further inquiry. " 'If a party has knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries, and he avoids the inquiry, he is chargeable with notice of the facts which by ordinary diligence he would have ascertained.' " *Sheepscot Land Corp.,* 383 A.2d at 23 (quoting *Knapp v. Bailey,* 79 Me. 195, 204, 9 A. 122, 124 (1887)). The court below was justified in ruling that the defendant's professed ignorance in the face of repeated admonition did not satisfy the "excuse" prong under Rule 55(c), *see Porges,* 423 A.2d at 544. We conclude, therefore, that there was no abuse of discretion by the presiding justice in refusing to set aside the default.

## III.

■■■ Johansen further contends that the presiding justice erred in refusing to allow her to present evidence at the hearing upon plaintiff's motion for default judgment. Rule 55(b) of the Maine Rules of Civil Procedure does not provide an automatic right to be heard to the non-moving party at a default judgment hearing. The hearing focuses upon two issues: whether a judgment by default should be entered, and if so, the nature and extent of the judgment. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.4 at 21 (2d ed. 1970). While the court *may* hold "an evi-

---

**3.** Because neither the April 5, 1982 ruling nor the February 1, 1983 ruling on the motions to strike default were rulings on the merits of the motions, we review only the November 29, 1982 denial of Johansen's motion.

**4.** Even erroneous legal advice in regard to the effect of her husband's bankruptcy might be insufficient excuse for Johansen's default. *See Steel Service Center v. Prince Macaroni Mfg. Co.,* 438 A.2d 881 (Me.1981).

dentiary hearing on the truth of any averment in the pleading before entering a default judgment," the decision to do so rests squarely within the sound discretion of the presiding justice. *Id.*, § 55.4 at 352 (2d ed. Supp.1981); *see also Sheepscot Land Corp.*, 383 A.2d at 22.

■ Rule 55(b) does require notice to a defaulted party who has previously appeared in the action in order to provide him with an opportunity to appear at the default judgment hearing. One might argue that the only logical purpose behind the notice provision is to allow the defaulted party an opportunity to be heard and to present evidence. To so hold, however, would be to erode, if not obliterate, the legal implication of a default, and would fly in the face of the plain meaning of Rule 55(b).[5] An appearance by the defendant in a default judgment proceeding can, at most, forestall the possibility of fraud on the part of the moving party, and provide assistance to the court, through cross-examination of witnesses, in its determination of the nature and extent of the judgment to be entered. The opportunity to cross-examine witnesses was, in fact, provided to Johansen in the case at bar. We perceive no error on the part of the presiding justice in denying the defendant an opportunity to present evidence at the default judgment hearing.

The entry is:

Judgment affirmed.

All concurring.

---

5. Rule 55 of the Federal Rules of Civil Procedure has a similar focus; indeed, the language of M.R.Civ.P. 55(b)(2) and Fed.R.Civ.P. 55(b)(2) is virtually identical in all pertinent respects. Of the federal rule it has been said that "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment. However, when it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default. The hearing is not considered a trial, but is in the nature of an inquiry before the judge." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 443 (1983).