**Gardner E. FOSS**

v.

**Philip L. INGENERI.**

Supreme Judicial Court of Maine.

Argued June 12, 1989.

Decided July 17, 1989.

Morris D. Rubin (orally), Bangor, for plaintiff.

Paul F. Macri (orally), Steven D. Silin, Berman, Simmons & Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Gardner E. Foss appeals from a judgment entered in the Superior Court (Penobscot County, *Alexander, J.*) after a jury awarded no damages in a legal mal-

practice action against his former attorney, Philip L. Ingeneri. Because liability was established by a default judgment, plaintiff argues that the jury was rationally required to award some damages. We conclude, however, that plaintiff did not meet his burden of proving the amount of damages sustained, and we affirm the judgment.

By virtue of the default it is established that plaintiff retained defendant in January, 1977 to prosecute a claim against the York Mutual Insurance Company for property loss resulting from fires on August 16, 1976 and October 3, 1976. Due to defendant's negligence, the statute of limitations ran and Foss's claim was barred. In his complaint, plaintiff claimed $70,000 in property damage and sought recovery of $100,-000. Default judgment was entered on liability; the issue of damages was brought to trial.

On appeal plaintiff argues for the first time that the burden of proving damages shifted to the defendant upon default. The trial court specifically instructed the jury that the burden was on the plaintiff to prove loss by a preponderance. No objection was noted. Accordingly, the issue is without merit both because it is unpreserved, *Oliver v. Martin,* 460 A.2d 594, 596 n. 3 (Me.1983), and because the instruction was a correct statement of the law. *See Dungan v. Superior Court,* 20 Ariz.App. 289, 290, 512 P.2d 52, 53 (1973) (default establishes defendant's liability, but "does not relieve plaintiff from putting on proof as to the extent of his damages"); *Gallegos v. Franklin,* 89 N.M. 118, 123, 547 P.2d 1160, 1165 (N.M.Ct.App.1976) (the uniform rule is that default establishes liability only; the burden remains with the plaintiff to prove the extent of injuries established by the default).

Though we agree that plaintiff may have proved a loss, he presented no evidence to prove the extent of his loss. He agreed at trial that the limit of his potential recovery was the amount of his insurance policy, yet he introduced no evidence to establish the limits of his coverage. His testimony concerning the value of the property was admittedly based on an incorrect valuation. On the record before us the jury could not have awarded any damages without impermissibly resorting to speculation. *King v. King,* 507 A.2d 1057, 1059–60 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.