**Floyd F. FIRTH**

v.

**CITY OF ROCKLAND and Daniel Brown.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1990.

Decided Oct. 11, 1990.

Orrin J. Brown (orally), Bath, for plaintiff.

Stephen A. Little (orally) and Joanne Kroll, Rockland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendants City of Rockland and Rockland Police Officer Daniel Brown appeal from a default judgment for compensatory and punitive damages entered against them under M.R.Civ.P. 55(b)(2) in the Superior Court (Knox County, *Silsby, J.*). Defendants raise a variety of issues, most of which relate to the procedures followed by the court in setting damages. Finding no

error in that procedure and no merit in defendants' other arguments, we affirm the judgment.

On May 18, 1988, the Rockland police stopped plaintiff Floyd Firth for driving an unsafe car. Following the stop, Firth got into a scuffle with one of the officers present, defendant Brown. The officer arrested Firth, banging his head against the car and twisting his arm behind him, despite Firth's cries of pain. X-rays taken the next day revealed that Brown had broken Firth's arm. The injury caused Firth to miss six to eight months of work and left him with a permanent disability.

Plaintiff Firth served both defendants with a complaint and summons on April 28, 1989.[1] On June 15, 1989, defendants not having answered the complaint, the Superior Court clerk on Firth's application entered a default against defendants. On June 20, 1989, defendants filed a motion to enlarge the time to file an answer, along with their proposed answer and affirmative defenses. Defendants also filed a motion to set aside the entry of default, alleging good cause for their failure to file their responsive pleadings within the required 20 days. The excuse given for their tardiness was the failure of the City's insurer to answer Firth's notice of claim the city clerk forwarded to it a year earlier. The city clerk made no follow-up call concerning the claim until June 15, 1989, at which time the insurer told her that the City was not covered for the incident involving Officer Brown and Firth.

After a hearing the court, finding that defendants had not shown good cause for their untimely response to the complaint, denied defendants' motion to set aside the default. At the same time, the court announced its intention to hold a hearing on damages and ordered defendants to submit a motion on the scope of their participation in the hearing. Along with their motion

---

1. The complaint contained seven counts: (1) battery claim against Officer Brown; (2) 42 U.S.C. § 1983 claim against Officer Brown; (3) request for attorney fees under 42 U.S.C. § 1988, dependent on Count II; (4) battery claim against the City of Rockland; (5) 42 U.S.C. § 1983 claim against the City; (6) 42 U.S.C. § 1988 claim for attorney fees based on Count V; and (7) malicious prosecution claim against Officer Brown. The complaint sought both compensatory and punitive damages.

seeking to participate fully, defendants filed a second answer and affirmative defenses. At the hearing on defendants' procedural motion, the court denied their request to present witnesses at the damages hearing. In fashioning its order setting out the procedure for the damages hearing, the court relied heavily on *McNutt v. Johansen*, 477 A.2d 738 (Me.1984). In *McNutt* we affirmed a default judgment entered after a damages hearing in which the trial court limited the defaulting defendant to cross-examining the plaintiff's witnesses. *Id.* at 740–41. On the *McNutt* precedent, the court in the case at bar limited defendants' participation in what the court called a *"McNutt* hearing" to cross-examination of plaintiff's witnesses.

On January 25, 1990, the court called the case for jury trial on damages.[2] Prior to jury selection the court heard argument on defendants' pending pretrial motions. At that time, Firth dismissed his *respondeat superior* claim against the City as well as his claim for punitive damages against the City. The court denied all of defendants' other pending motions.

At the close of the damages trial, the jury set Firth's compensatory damages at $35,000 and his punitive damages at $5,000. Later, Firth filed a statement of costs and a motion for attorney fees under 42 U.S.C. § 1988. Defendants filed a variety of motions, including an objection to Firth's motion for attorney fees. The court awarded Firth $1,718.92 for costs and interest and instructed Firth's attorney to submit an itemized accounting of his time on the case. Based on that sworn accounting, the court awarded Firth attorney fees of $9,780. Defendants appealed to this court.

■ At the outset we note that there was no abuse of discretion on the part of the court in denying defendants' motion to set aside the entry of default. To have an entry of default set aside under M.R.Civ.P. 55(c), the moving party must show both a good excuse for the default and the existence of a meritorious defense. *See Porges v. Reid,* 423 A.2d 542, 544 (Me.1980). The court's ruling on whether to set aside the entry is discretionary and will be overturned on review only for an abuse of that discretion. *Id.* In this case defendants' only excuse for their late answer to the complaint was the insurance company's failure for over a year to respond to the notice of Firth's claim. The court was plainly correct in finding this no excuse at all for defendants' disregard of the suit.

■ Defendants' argument that the filing of their second answer and affirmative defenses entitled them to full participation in the trial on damages is also without merit. Once the default had been entered and the motion to set aside denied, there was no basis whatever for allowing defendants to file a second answer and affirmative defenses. Similarly there is no substance to defendants' various claims regarding the sections 1983 and 1988 counts. The pleadings of those counts are barebones in language, but they nonetheless constitute "a short and plain statement of the claim showing that the pleader is entitled to relief"—all that is required by M.R. Civ.P. 8(a). The affidavit supplied in support of the section 1988 claims was likewise a sufficient basis for the court to use in awarding attorney fees to Firth. We find no error in the court's calculation of attorney fees. The court was entitled to rely on its experience in assessing the reasonableness of an hourly fee and weighing the appropriateness of the hours billed.

■ The principal issue in this case is the court's procedure for determining damages, and specifically punitive damages. Defendants argue that Firth's failure to apply for a judgment of default precluded the court's conducting any damages hearing and entering judgment under M.R. Civ.P. 55(b)(2). This argument is without

---

**2.** M.R.Civ.P. 55(b)(2) specifically provides for a jury trial on the issue of damages if the plaintiff requests one. In contrast, the federal rule does not afford a comprehensive right of trial by jury, but rather only such right as is "required by any statute of the United States." Fed.R. Civ.P. 55(b)(2). A federal court may allow a jury trial on damages if it feels that would be necessary to a fair assessment. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (1983).

merit. When it denied the motion to set aside the entry of default, the court announced its intention to conduct a damages hearing and invited defendants to express their desires on participating in it. Given that clear notice of the hearing on damages, defendants have no basis for complaint that plaintiff did not file a document denominated an application for default judgment.

■ More troublesome is the court's use of *McNutt v. Johansen*, 477 A.2d 738, in setting the procedure for the damages hearing. The court read *McNutt* to prescribe a set procedure that strictly limits the defendant's participation in a default judgment hearing. That reading is erroneous. We held in *McNutt* that there was no error in the trial court's having limited the defendant's participation in that case to cross-examination of the plaintiff's witnesses. *Id.* at 740–41. M.R.Civ.P. 55(b)(2) specifically provides that "the court may conduct such hearings or order such references as it deems necessary and proper." We did not prescribe in *McNutt* any fixed procedure that could be called "a *McNutt* hearing." Rather, as we now emphasize, in all default cases it is a matter within the sound discretion of the court to decide the scope of the defendant's participation necessary and proper to determine the damages. In exercising that discretion the court should be alert that no fraud is perpetrated on the court and that the chance for error in setting damages is kept to a minimum.

In the case at bar, the question of the appropriate degree of participation by defendants is complicated by Firth's having exercised his right to have a jury trial on the question of damages. The presence of a jury must be taken into account by the trial justice in setting the procedure. When the factfinder is a jury, the court must consider whether limiting a defaulting party's participation may raise added danger of fraud on that factfinder or error in the factfinding process.

■ Early in the history of this case defendants asked to be allowed to present witnesses at the damages hearing. Their request was denied by the court. Neither then nor at any time thereafter did defendants make any offer of proof of what evidence they wanted to present. Nor did defendants ever ask the court to reconsider its ruling as the jury trial progressed. In these circumstances there was no abuse of discretion for the court to submit the damages question to the jury without a full adversary proceeding.

■ The procedure for setting punitive damages after a defendant's default is essentially the same as that required for setting compensatory damages. Punitive damages will be awarded only if the plaintiff can demonstrate by clear and convincing evidence that the defendant acted with express or implied malice. *See Tuttle v. Raymond*, 494 A.2d 1353, 1363–64 (Me. 1985). When a defendant defaults in answering a complaint that alleges tortious conduct committed with express or implied malice and asks for punitive damages, the defendant is deemed to have admitted the existence of malice sufficient to get the plaintiff over the threshold justifying punitive damages. There remains, however, the question of the amount, if any, of the punitive damages that should be assessed. At the damages hearing, it is still necessary to explore the circumstances of the tort, not for the purpose of reexamining liability for punitive damages but rather to allow the factfinder to determine how outrageous the tortfeasor's conduct was and to weigh other factors affecting the amount of an appropriate punitive damages award. The punitive damages award should reflect the degree of outrage with which the factfinder views the defendant's tortious conduct, as well as all other relevant aggravating and mitigating factors. *See Hanover Ins. Co. v. Hayward*, 464 A.2d 156, 158 (Me.1983).

■ We have previously addressed the issue of punitive damages on default in *Oliver v. Martin*, 460 A.2d 594 (Me.1983). There the Superior Court limited its inquiry on damages to questions of whether the defendant's assault caused the plaintiff's injuries and of the extent of the latter's compensatory damages. We held that rul-

ing erroneous because evidence of "whether and to what degree defendant's tortious conduct was accompanied by aggravating circumstances" was directly relevant to setting the amount of punitive damages. *Id.* at 595–96. We reaffirm that reasoning in our present decision. *Oliver* should not be read to set up any requirement of a special procedure for setting punitive damages in which the defendant is entitled to full participation. The defendant's participation in a punitive damages hearing, as in a compensatory damages hearing, should be sufficient to prevent fraud upon the court and to minimize the chance of error in the fact-finding. It rests, however, within the sound discretion of the court to restrict the defaulting defendant's participation to the minimum that assures a fair decision on punitive damages, the same as on compensatory damages. This rule is not changed by the fact that the amount of punitive damages must be established by the plaintiff by clear and convincing evidence, rather than by the preponderance standard applied to compensatory damages.

Defendants' remaining arguments that the court erred in denying their request for a pretrial conference and in failing to sanction Firth for claimed discovery shortcomings are without merit.

The entry is:

Judgment affirmed.

All concurring.