Robert S. BOIT, et al.

v.

BROOKSTONE COMPANY, INC.

Supreme Judicial Court of Maine.

Argued Jan. 28, 1994.

Decided May 24, 1994.

Gail Fisk Malone (orally), Rudman & Winchell, Bangor, for plaintiffs.

Peter T. Marchesi (orally), Wheeler & Arey, P.A., Waterville, for defendant.

Before WATHEN, C.J., ROBERTS, GLASSMAN, CLIFFORD, and DANA, JJ., and COLLINS, A.R.J.*

COLLINS, Active Retired Justice.

Brookstone Company, Inc. appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) that awarded $178,995.12, plus interest and costs, to Robert S. and Agnes H. Boit for damages sustained to their property as the result of a fire. The judgment followed a hearing on damages that was conducted as the result of a default entered against Brookstone. The Superior Court (*MacInnes, A.R.J.*) upheld the default judgment by denying Brookstone's motion to set aside the default. Brookstone argues that the trial court abused its discretion in denying its motion to set aside the default, in refusing to allow it to conduct discovery prior to the hearing on damages, and in refusing to allow it to offer evidence at the hearing on damages. We affirm the entry of default but vacate the

---

* Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

default judgment and remand for a new hearing on the issue of damages.

The Boits' house and certain personal property was damaged by a fire caused by a contractor's use of a "hot air gun" to strip paint from the Boits' home. The Boits negotiated a settlement with the contractor and then commenced this suit against Brookstone—the non-manufacturing seller of the gun—asserting claims of negligent failure to warn and strict products liability. Brookstone's Maine agent was served on February 27, 1992, and pursuant to M.R.Civ.P. 12(a), Brookstone's answer was due on March 18. After receiving service, Brookstone's agent transmitted the complaint to Brookstone's corporate clerk who forwarded it to Brookstone. On March 5, Brookstone forwarded the complaint to its insurer. No answer was filed on or before March 18. This delay was due, at least in part, to a delay in the mail room of the insurer. On March 26, a default was entered against Brookstone. On April 6, a claims manager for the insurer found the complaint and arranged for an answer to be filed. On April 8, Brookstone filed its answer and, on April 10, it filed a motion to set aside the entry of default. The trial court denied Brookstone's motion to set aside the default and granted the Boits' motion to strike the answer and affirmative defenses. The trial court ordered a hearing on damages and denied Brookstone's request for discovery on the issue of damages. At the hearing, the trial court ruled that Brookstone had no right to present evidence and limited Brookstone's participation to cross-examination. The trial court entered a judgment for the Boits and adopted findings of fact and conclusions of law. Brookstone filed a timely appeal.

### Motion to Set Aside the Default

Brookstone argues that the trial court erred in denying its motion to set aside

the default. A court may set aside an entry of default for "good cause shown." M.R.Civ.P. 55(c). "To meet the 'good cause' standard of Rule 55(c) a party generally must show 'both a good excuse for his untimeliness in pleading ... and the existence of a meritorious defense.'" *Hamby v. Thomas Realty Assocs.*, 617 A.2d 562, 563–64 (Me.1992) (citing *Design Build of Maine v. Paul*, 601 A.2d 1089, 1091 (Me.1992)); *see also Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1189–90 (Me.1991); *Firth v. City of Rockland*, 580 A.2d 694, 696 (Me.1990). Considerable deference is given to the determination of the trial court in ruling on a motion to set aside an entry of default, and we will set it aside only for an abuse of discretion. *Theriault v. Gauthier*, 634 A.2d 1255, 1256 (Me.1993); *Vargelis v. Minieri*, 620 A.2d 275, 275–76 (Me.1993); *Hamby*, 617 A.2d at 563–64; *Mockus v. Melanson*, 615 A.2d 245, 247 (Me.1992); *Hart*, 588 A.2d at 1189–90; *Firth*, 580 A.2d at 696; *McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984). Although another trial court could very well have found good cause for the delay and set aside the default, we cannot say that the finding of no good cause was clearly erroneous or that the trial court's denial of the motion to set aside the default in this instance constitutes an abuse of discretion.

### Discovery and Right to Present Evidence

Brookstone argues that the trial court erred in refusing to allow it to conduct discovery prior to the hearing on damages and in refusing to allow it to present evidence at the hearing. We have never discussed whether a defaulted defendant is entitled to conduct discovery on the issue of damages prior to a hearing on damages. However, we have twice considered the extent of a defaulted defendant's participation in such a hearing. *Firth*, 580 A.2d at 697; *McNutt*, 477 A.2d at 740–41.[1] We review a

---

1. In *Firth*, 580 A.2d at 697, the plaintiff filed a complaint against the City of Rockland seeking compensation for injuries sustained during the plaintiff's arrest. After a default was entered against the City, the trial court denied the City's request to present evidence at the damage hearing. *Id.* We found no abuse of discretion where the City had failed to make any offer of proof of

the evidence that they desired to present and when the City never asked the trial court to reconsider its denial. *Id. McNutt*, 477 A.2d at 740–41, concerned a default judgment entered against an adjoining landowner in a plaintiff's action to determine the boundary between two properties and for damages based on the adjoining landowner's occupancy and use of a house

trial court's decision regarding a defendant's participation in a damages hearing for an abuse of discretion. *Id.* In exercising this discretion, a trial court should "decide the scope of the defendant's participation necessary and proper to determine the damages .... [and] the court should be alert that no fraud is perpetrated on the court and that the chance for error in setting damages is kept to a minimum." *Firth,* 580 A.2d at 697. Other courts have allowed a defaulted defendant to conduct discovery prior to a damages hearing. *Clague v. Bednarski,* 105 F.R.D. 552, 553 (E.D.N.Y.1985); *Bashforth v. Zampini,* 576 A.2d 1197, 1200 (R.I.1990). Likewise, other courts have allowed a defaulted defendant to present evidence at a hearing on damages. *Clague,* 105 F.R.D. at 553; *Bashforth,* 576 A.2d at 1200; *Miller v. Miller,* 70 Md.App. 1, 519 A.2d 1298, 1309 n. 11 (1987).

A trial court's decision of whether to allow a defaulted defendant discovery or to present evidence is a discretionary one which should be granted only after careful consideration. In this case, we find that the trial court abused its discretion in refusing to allow Brookstone to conduct discovery on the issue of damages and in refusing to allow Brookstone to present evidence at the hearing on damages. Prior to the hearing on damages, Brookstone had little, if any, information concerning the extent of the damages claimed or the evidence that would be submitted by the Boits. After the hearing on damages, at which Brookstone was allowed to cross-examine the witnesses presented by the Boits, the trial court awarded to the Boits $278,995.12, plus interest and costs, which was subsequently reduced by $100,000 to reflect a settlement previously accepted by the Boits from their contractor. This award was based

upon testimonial and non-testimonial evidence, partly from experts, presented by the Boits, concerning the repairs done to the house, antiques, and pieces of art, and the value of certain antiques and pieces of art. Given that the determination of damages required complicated determinations of the value of services and objects, which necessitated the use of experts, we find that Brookstone should have been allowed to conduct limited discovery and present evidence solely on the issue of damages in order to prevent fraud and the chance of error.[2] We do not find that defaulted parties are entitled to discovery and to present evidence at a damage hearing in every instance. Rather, we find that the greater the complexity of the evidence required to prove the damages at issue, the greater the likelihood that discovery and participation in the damage hearing will be required to prevent fraud and error.[3]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

claimed by both parties. We found no abuse of discretion where the trial court refused to allow the defaulted defendant to present evidence and limited the defendant's participation to cross-examination. *Id.*

2. We wish to emphasize that, on remand, Brookstone will be entitled to discovery and to present evidence solely on the issue of damages. Brookstone will not have the opportunity to present evidence or to engage in discovery concerning liability. Any discovery and the presentation of evidence must be narrowly focused.

3. Brookstone also argues that certain invoices admitted by the trial court were inadmissible hearsay, M.R.Evid. 810; that certain photocopied checks admitted by the trial court were irrelevant, M.R.Evid. 401; and that the trial court's findings of fact and conclusions of law were not supported by the record. Because we vacate the damages portion of the judgment on other grounds and remand for a new hearing on damages, we do not address the merits of these arguments.