MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 154
Docket:       Wal-16-525
Argued:       June 14, 2017
Decided:      July 13, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


DAWN H. HASKELL et al.

v.

GROVER B. BRAGG JR.


ALEXANDER, J.

[¶1]     Grover B. Bragg Jr. appeals and Dawn H. Haskell and Martin W. Witham cross-appeal from a judgment for damages entered in the Superior Court (Waldo County, *R. Murray, J.*) in favor of Haskell and Witham after entry of a default against Bragg.  Haskell and Witham's claims arose from an invasion of Haskell and Witham's home in the early morning hours of March 27, 2013.  Bragg argues that the court erred by precluding him from contesting causation at the damages hearing and by concluding that Haskell and Witham were not comparatively negligent.[1]  Haskell and Witham contend

---

[1]  The pleadings here and case law sometimes refer to "comparative negligence" as "comparative fault."  For consistency, this opinion will use the term "comparative negligence."  *See* 14 M.R.S. § 156 (2016).

2

that the court erred by allowing Bragg to assert an affirmative defense of comparative negligence. We affirm the judgment.

## I. CASE HISTORY

[¶2] In March 2014, Dawn H. Haskell and Martin W. Witham filed a six-count complaint against Grover B. Bragg Jr. and Donald R. York Jr.[2] Haskell and Witham asserted a claim for negligence against both Bragg and York (Count 1) and claims for assault and battery, intentional trespass, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages against York (Counts 2-6).

[¶3] Bragg was served in hand with the summons and complaint on April 24, 2014. Bragg did not file an answer within twenty days after being served and did not otherwise appear in or defend the matter. *See* M.R. Civ. P. 12(a). Haskell and Witham filed a motion for default against Bragg, which the clerk entered on June 17, 2014. *See* M.R. Civ. P. 55(a).[3]

---

[2] The complaint also named several of Donald R. York Jr.'s family members as defendants, but they were dismissed prior to trial. York does not appeal from the judgment that was entered against him.

[3] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Maine Rules of Civil Procedure] . . . the clerk shall enter the party's default." M.R. Civ. P. 55(a).

A.    Factual History

[¶4]  Upon the entry of a default for failure to timely appear or respond in an action, the facts alleged in the complaint are deemed to have been proved and affirmative defenses are deemed to have been waived.  *See* M.R. Civ. P. 8(b)-(d); *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995) ("When a default is entered . . . the allegations in the plaintiff's complaint are deemed to be true and become findings of fact.").

[¶5]  Haskell and Witham alleged the following facts in their complaint. On or about March 27, 2013, York became highly intoxicated due to his use of some combination of crack cocaine, cocaine, heroin, oxycodone, bath salts, and marijuana.  York used one or more of the intoxicants while in the company of Bragg, who was aware of and assisted York in reaching that level of intoxication.  Despite Bragg's awareness of the danger York presented to others in his state of intoxication, Bragg transported York to the Haskell-Witham residence because he did not want York—who was acting "really crazy"—in his own home.

[¶6]  Haskell and Witham, who had never met Bragg or York before March 27, 2013,[4] were awakened by the sound of windows being broken.

---

[4]  Although not stated in the complaint, evidence presented at the damages hearing established that Haskell and Witham had never met Bragg or York before the morning of the home invasion.

4

Witham exited his home and found Bragg and York outside. Bragg and York returned to a pickup truck that was parked nearby. After some time, York exited the truck, ran into Haskell and Witham's home without permission and damaged property inside, including a flat screen television, several pieces of furniture, five windows, lamps, and various other items. York threw a bench through a window, punched holes in the walls, damaged various portions of the bed and floor, and tracked blood throughout the house. He also damaged Haskell and Witham's vehicle. York then attacked Witham causing substantial physical injuries to Witham. Witham believed that York was going to kill him. After injuring Witham, York reentered the residence and continued to cause damage. Haskell locked herself in the garage while York damaged property and assaulted Witham. Haskell feared for her life and for Witham's life.

[¶7] Haskell and Witham further alleged in their complaint that they exercised due care at all pertinent times, and that Bragg and York were negligent and through their negligence caused Haskell and Witham to suffer pain and property damage. Based on these claims, Haskell and Witham requested relief "for such sums as are just . . . [and] for attorney's fees, interest and costs, and punitive damages."

B.    Procedural History

[¶8]  Nearly two years after being served the summons, Bragg filed an answer.  In his answer, Bragg admitted that an incident occurred, but denied most of the allegations in the complaint, including that Haskell and Witham had exercised due care.  He also asserted nine "affirmative defenses," including comparative negligence and failure to mitigate damages.  Bragg did not move to set aside the entry of default or for an enlargement of time in which to file his answer.  *See* M.R. Civ. P. 55(c).

[¶9]  On June 17, 2016, the court held a bench trial on liability and damages as to York, and a damages hearing as to Bragg.  At the start of the trial, Bragg argued that, despite his default, he should be allowed to present evidence regarding causation and comparative negligence.  Haskell and Witham argued that the entry of default established Bragg's negligence and waived any affirmative defenses.  The court admitted evidence of causation and comparative negligence *de bene* and allowed the parties to submit written arguments after the trial.

[¶10]  The evidence included testimony of Haskell, Witham, Bragg, York's father, and a sheriff's deputy, as well as exhibits including numerous photographs, a 9-1-1 recording, medical bills and records, invoices, receipts,

6

and the deposition transcripts of Haskell and Witham's medical treatment providers.

[¶11]  On October 28, 2016, the court entered a judgment in favor of Haskell and Witham.  The court concluded that Bragg was not entitled to litigate causation because the entry of default established that Bragg was negligent and that his negligence was the cause of Haskell and Witham's damages.  The court further concluded that because the default established only Bragg's liability, it would consider evidence of comparative negligence "but only for the purpose of possibly reducing the total damages."  For two separate and distinct reasons, the court found that Haskell and Witham were not negligent.  First, the evidence presented at the damages hearing did not support a finding of negligence.  Second, Haskell and Witham's complaint stated that they exercised due care at all pertinent times, and that fact was therefore deemed true as a result of Bragg's default.

[¶12]  The trial court found Bragg and York jointly and severally liable for damages to Haskell and Witham in the amount of $428,071.64.  No motion for further findings of fact or conclusions of law was filed.  *See* M.R. Civ. P. 52. Bragg appealed, and Haskell and Witham cross-appealed.  *See* 14 M.R.S. § 1851 (2016); M.R. App. P. 2.

## II. LEGAL ANALYSIS

### A. Causation

[¶13]  Bragg argues that the court erred when it concluded that he could contest the amount of—but not the cause of—Haskell and Witham's damages at the hearing after the entry of default.  Bragg contends that damages "must . . . be tethered to the negligent conduct of the defaulted party," and "[o]nly on such a finding of causation may the fact finder determine the value of the causally related injuries and damages."  He asserts that, based on what he claims is undisputed evidence, he is not liable for Haskell and Witham's personal injuries or property damage because he "never touched" them or their property.  The facts established from the complaint state that Bragg, knowing that York was acting dangerously, brought York to Haskell and Witham's home and that Bragg and York were found together outside the home after the initial damage and glass breaking.

[¶14]  The entry of default establishes the defaulting party's liability as set forth in the complaint and precludes that party from litigating any of the elements of liability related to the claim. *Graham v. Brown*, 2011 ME 93, ¶ 11, 26 A.3d 823.  Because the default establishes liability only, the extent of the damages remains for the court's determination.  *Colony Cadillac &*

*Oldsmobile, Inc. v. Yerdon*, 558 A.2d 364, 367 (Me. 1989); *Oliver v. Martin*, 460 A.2d 594, 595 (Me. 1983); *see also Foss v. Ingeneri*, 561 A.2d 498, 499 (Me. 1989).

[¶15]  The trial court may conduct a hearing to determine the amount of damages or otherwise take evidence as it deems necessary.  M.R. Civ. P. 55(b)(2); *Gauthier v. Gerrish*, 2015 ME 60, ¶¶ 14-15, 116 A.3d 461; *see also Firth v. City of Rockland*, 580 A.2d 694, 698 (Me. 1990) (reaffirming that there is no required procedure for conducting a damages hearing but that the defaulting party's participation should be sufficient to prevent fraud upon the court and to minimize errors in fact-finding).

[¶16]  The court permitted Bragg to fully participate in the hearing by conducting discovery prior to the hearing, presenting evidence, cross-examining Haskell and Witham's witnesses, and submitting a written closing argument.  Bragg's full participation in the hearing minimized the possibility that a fraud was perpetrated on the court and that the court erred in its fact-finding. *See Firth*, 580 A.2d at 698; *Oliver*, 460 A.2d at 595-96.

[¶17]  The facts alleged in Haskell and Witham's complaint were conclusively established by Bragg's default.  Those factual findings explicitly included that Bragg was negligent and that his negligence caused Haskell and

Witham pain and suffering and damage to their personal property. Thus, the court properly concluded that the allegations in the complaint regarding causation were deemed true when the default was entered and that Bragg was not entitled to challenge those established findings of fact. *See McAlister*, 658 A.2d at 660; *Oliver*, 460 A.2d at 595.

[¶18] The court awarded compensatory damages based on the allegations in the complaint, which were deemed true, and based on competent evidence in the record that Haskell and Witham suffered "extensive property damage, physical and emotional injuries, and considerable pain and suffering . . . stemming from the events of March 27, 2013." No error or abuse of discretion has been demonstrated in the court's findings and conclusions awarding damages.

B. Comparative Negligence

[¶19] Bragg argues that the court erred when it concluded that (1) the allegation in the complaint that Haskell and Witham exercised due care at all pertinent times prevented him from being able to establish comparative negligence, and (2) the evidence at the damages hearing—that Witham prevented Bragg and York from leaving after the initial window breaking but before York assaulted Witham and damaged most of the property—did not

establish Haskell and Witham's negligence.  In their cross-appeal, Haskell and Witham argue that—although the court's ultimate conclusion that they were not negligent was correct—the court erred by considering comparative negligence because Bragg waived any affirmative defenses by not filing a timely answer.

[¶20]  "[W]e review any factual findings for clear error and review de novo whether the facts are sufficient to constitute waiver."  *Dunwoody v. Dunwoody*, 2017 ME 21, ¶ 11, 155 A.3d 422.  Generally, in an action asserting a claim for relief, "[a] defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant."  M.R. Civ. P. 12(a).  In the responsive pleading, "a party shall set forth affirmatively . . . comparative fault . . . and any other matter constituting an . . . affirmative defense."  M.R. Civ. P. 8(c); *accord* M.R. Civ. P. 12(b).  Failing to timely plead an affirmative defense generally results in the waiver of that defense.  *Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 11, 116 A.3d 458; *R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶ 24, 931 A.2d 1081.

[¶21]  Here, Bragg did not file an answer to Haskell and Witham's complaint until nearly two years after he was served the summons and

complaint. Bragg waived any affirmative defenses, including comparative negligence, when he failed to timely respond to Haskell and Witham's complaint. M.R. Civ. P. 8(b)-(d), 12; *see Mason Station*, 2015 ME 59, ¶ 11, 116 A.3d 458; *Givertz v. Me. Med. Ctr.*, 459 A.2d 548, 555 (Me. 1983). Although the trial court erred when it considered evidence of comparative negligence, the error was harmless because the court found that Haskell and Witham were not negligent. *See* M.R. Civ. P. 61; *In re Caleb M.*, 2017 ME 66, ¶ 26, 159 A.3d 345.

The entry is:

Judgment affirmed.

---

J. William Druary, Jr., Esq., and Gregory M. Patient, Esq. (orally), Marden, Dubord, Bernier & Stevens, PA LLC, Waterville, for appellant Grover B. Bragg

James E. Belleau, Esq, and Adam R. Lee, Esq. (orally), Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for cross-appellants Dawn H. Haskell and Martin W. Witham

Waldo County Superior Court docket number CV-2014-12
FOR CLERK REFERENCE ONLY