STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. ELLSC-CV-2018-0007

JOSEPH J. FIANDACA, JR.         )
                                )
        Plaintiff,              )
                                )              ORDER ON
    v.                          )       PLAINTIFF'S MOTION FOR
                                )         RECONSIDERATION
CHERYL AVERILL                  )
                                )
        Defendant.              )

This matter comes before the Court on Plaintiff Joseph Fiandaca's Motion for

Reconsideration of the Court's Order granting Defendant Cheryl Averill's Motion to Dismiss the

Plaintiff's Complaint and entering default against Plaintiff on Defendant's Counterclaim.

## I.   Background

Plaintiff Joseph Fiandaca brought a two-count complaint against Defendant Cheryl

Averill in Ellsworth Superior Court for wrongful use of civil proceedings and abuse of process

concerning a complaint for protection from abuse and a small claims action brought by Averill

against Fiandaca in Springvale District Court. Averill timely answered the Complaint, moved to

dismiss the Complaint, and asserted a counterclaim seeking equitable relief, and compensatory

and punitive damages on February 26, 2018.

On April 2, 2018, because "no responsive pleading ha[d]been filed by plaintiff," the

Court entered an order granting defendant's Motion to Dismiss and, *sua sponte*, entering default

against Plaintiff on Defendant's Counterclaim. On April 20, 2018, plaintiff filed an Objection to

Defendant's Motion to Dismiss, and Answer to Defendant's Counterclaim, and a Motion for

Reconsideration of the court's April 2, 2018 Order, which Defendant opposed.

1

The case was transferred to this Court in light of the related litigation between the parties pending here. (*See Cheryl Averill v. Joseph J. Fiandaca, Jr.*, ALFSC-CV-2017-0151.)

In support of his motion for reconsideration, Plaintiff's prior counsel asserted that his failure to respond to Defendant's Motion to Dismiss and Counterclaim resulted from a failure of his office's cloud-based scheduling software.

At oral argument, Plaintiff's successor counsel declined to press the Motion for Reconsideration with respect to the portion of the April 2 Order granting of Defendant's Motion to Dismiss. Thus, the only remaining issue is whether to grant Plaintiff's Motion for Reconsideration with respect to the entry of default against Plaintiff on Defendant's counterclaim.

## II.    Discussion

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." M.R. Civ. P. 55(c). "Good cause" has two components, requiring the moving party to show both a "good excuse" for the untimeliness and the existence of a "meritorious defense." *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995).

The only excuse Plaintiff was able to provide for his failure to timely answer the Defendant's counterclaim is that there was a failure of his former counsel's scheduling software. This does not constitute "good cause." *See, e.g., Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 13, 861 A.2d 678 (party's failure to respond to trustee summons due to error in its judgment processing system not good cause); *Boit v. Brookstone Co., Inc.*, 641 A.2d 864 (Me. 1994).

Alternatively, to the extent the Order of Transfer can be considered a denial of Plaintiff's Motion for Reconsideration (*see* Order of Transfer at 1 ("Based on the arguments of counsel . . .

2

Plaintiff had not demonstrated a basis for relief from the default on the counterclaim . . . .")—a position Defendant's counsel pressed at oral argument on the present motion—Plaintiff has failed to make the requisite showing to be entitled to relief under Rule 60(b). *See Levine*, 2004 ME 131, ¶ 16, 861 A.2d 678 (describing Rule 55(c)'s "good cause" standard as "less stringent" than Rule 60(b)'s "excusable neglect" standard).

## III. Conclusion & Order

For the foregoing reasons, the entry of default against Plaintiff on Defendant's counterclaim will stand. The question of Defendant's entitlement to damages or other relief on her counterclaim may be addressed at a contested hearing. The entry shall be:

"Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Dismiss and Entry of Default on Defendant's Counterclaims is DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: 1/18/19

John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket on: 1/18/19
Copies sent to the following parties/counsel on: 1/18/19
attorney Bedard attorney McCullough
attorney Brown

3