STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-18

ALAN DAWSON and )
GABRIEL D'AMOUR )
)
Plaintiffs )
)          **JUDGMENT**
vs. )
)
KELSEA FLYNN and )
TERRANCE FLYNN, )
)
Defendants. )

This matter came before the Court on March 17, 2021, for a hearing on damages, as an

Entry of Default was entered by a Clerk of the Court on July 22, 2020 on Plaintiffs' Complaint,

establishing Defendants' liability for the following causes of action: Count I: Negligence, Count

II: Breach of Implied Warranty and Covenant of Habitability pursuant to 14 M.R.S. §6021,

Count III: Breach of Implied Contract and Count IV: Unjust Enrichment/Quantum Meruit.

Plaintiffs were present and represented by Amy Dieterich, Esq. Defendant Terrance

Flynn was present and represented himself; Defendant Kelsea Flynn did not appear. After

hearing and upon consideration of the evidence, the court finds and orders as follows.

As default was entered against Defendants, Plaintiffs' allegations are deemed true and

become findings of fact. *McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995). The Complaint,

as well as the testimony of the Plaintiffs and Lewiston Code Enforcement Officer Nicholaus

Richard and the exhibits admitted at hearing, amply support the finding that Defendants jointly

owned real property located at 204 Blake Street in Lewiston, Maine, which they purchased in

2017 for $10,000.00. Defendants rented an apartment to Mr. Dawson on the third floor, and

asked him to move to the first floor so that renovations could be done. Mr. Dawson moved into

the first-floor apartment around September 2018 for an agreed total rent of $700 per month. Mr. D'Amour was Mr. Dawson's roommate and split the rent with him.

Not only the default but also the evidence at the hearing make clear that the first-floor apartment was completely uninhabitable. The apartment had no working stove, no working kitchen sink, no shower or bathroom sink, mold, broken windows, and infestations of rats and insects—all of which extended for lengthy periods of time and some of which were caused directly by the actions of Defendant Terry Flynn. Defendant Terry Flynn was in the subject property often during this time period and knew about these issues first hand from the Plaintiffs; indeed, he removed the bathroom sink and tub or shower and did not replace them.

In addition to notice from the Plaintiffs and his own first-hand observations, Defendants received Notices of Violation from the City of Lewiston in September, 2018 and August, 2019 for multiple serious violations of City Code, which they did not remedy. This led to the subject property being condemned while the Plaintiffs were still tenants on September 23, 2019. Defendants never made any of the required repairs to the subject property before Plaintiffs moved out at the end of November 2019.

As it relates to the calculation of damages, Plaintiffs were to pay $700 per month in rent between September, 2018 and September 2019. They did not pay any rent after that. Defendant asserted that Plaintiffs did not always pay their rent in full before October 2019, but the court is satisfied that Defendants received at least $700 in value from Plaintiffs each month, some of which was paid in labor with Defendants' agreement. Each Plaintiff contributed one half of the rent per month. The Court determines that the fair value of the use and occupancy of the dwelling unit by the Plaintiffs from September, 2018 through December 1, 2019 was $0 and, as

2

such, awards Plaintiffs compensatory damages of $8,400, the rent paid in currency or in kind, as damages for Defendants' liability on Counts I-IV.

Plaintiff Dawson had purchased furniture and other personal property for $2,500 and that the property had to be left behind and was in any event essentially destroyed by the infestations Defendants allowed to continue in the subject property. This Court awards Plaintiff Dawson compensatory and consequential damages of $2,800 for the loss of his property.

Plaintiffs alleged negligence in Count 1 of the complaint and detailed the humiliating necessity for using a bucket of water to bathe out on the driveway. The court finds that each Plaintiff is entitled to $2,000 in damages for the humiliation and emotional distress suffered in this case.

Finally, Plaintiffs ask that this court award punitive damages. While punitive damages may be based upon a default, *McAlister*, 658 A.2d at 660, there still must be a basis for the award. In order to receive punitive damages, Plaintiffs must "establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318 (quotation marks omitted).

> The procedure for setting punitive damages after a defendant's default is essentially the same as that required for setting compensatory damages. Punitive damages will be awarded only if the plaintiff can demonstrate by clear and convincing evidence that the defendant acted with express or implied malice. See *Tuttle v. Raymond*, 494 A.2d 1353, 1363-64 (Me. 1985). When a defendant defaults in answering *a complaint that alleges tortious conduct committed with express or implied malice and asks for punitive damages,* the defendant is deemed to have admitted the existence of malice sufficient to get the plaintiff over the threshold justifying punitive damages.

*Firth v. Rockland*, 580 A.2d 694, 697 (Me. 1990) (Emphasis added). See also *Harris v. Soley*, 2000 ME 150, ¶29, 756 A.2d 499, 508 (Default established plaintiffs' allegations that

3

defendants' conduct was extreme, outrageous, exceeded all possible bounds of decency, atrocious and utterly intolerable in a civilized community, and that defendants acted intentionally, knowingly, willfully, wantonly and with malice.)

In this case, there is no separate count for punitive damages, nor do Plaintiffs allege anywhere that Defendants acted with express or implied malice. The only mention of punitive damages is in the final prayer of the complaint which states that "Plaintiffs demand that this Court grant judgment in their favor on this Complaint, as well as award them monetary damages, punitive damages, interest and their costs...". This is not a factual allegation, nor is it an allegation requiring an answer. Defendants cannot be deemed to have admitted that they acted with express or implied malice.

Based on the evidence adduced at hearing, the court is not persuaded by clear and convincing evidence that Defendants acted with express or implied malice. Indeed, it appears that Mr. Flynn continued to rent the uninhabitable apartment to Plaintiffs in part because they had nowhere else to go, and even at times offered them some assistance in a misguided attempt to help. He was absolutely wrong to have proceeded in that fashion, but the court is not persuaded by clear and convincing evidence that Defendants acted with express or implied malice.

For the foregoing reasons, therefore, it is Ordered:

1. Judgment in favor of Plaintiff Alan Dawson in the amount of $8,700.00 against Defendants jointly and severally, plus costs and post-judgment interest at the statutory rate of 6.09% pursuant to 14 M.R.S. § 1602-C.

4

2. Judgment in favor of Plaintiff Gabriel D'Amour in the amount of $6,200.00 against Defendants jointly and severally, plus costs and post-judgment interest at the statutory rate of 6.09% pursuant to 14 M.R.S. § 1602-C.

This Judgment may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 3/23/2021

Valerie Stanfill
Justice, Maine Superior Court