STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. CV-20-25


ASSET DEVELOPMENT, INC., et al., )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )          **ORDER ON DAMAGES**
                                 )
CURTIS PATTEN, et al.,           )
                                 )
            Defendants.          )


On August 29, 2023, the court conducted a damages hearing on Curtis

Patten's cross-claim complaint against Cormier's Electric, LLC ("Cormier's"). For

the following reasons, the court awards Patten $10,257.30 in damages plus

attorney's fees and costs.

## PROCEDURAL HISTORY

Patten's cross-claim complaint, filed on March 23, 2020, alleges five counts

against Cormier's: (1) failure to pay wages; (2) contractor/subcontractor non-

payment; (3) employee misclassification pursuant to 26 M.R.S. § 1043(11)(E);

(4) unjust enrichment; and (5) fraud.[1] Cormier's failed to respond to the complaint

and was defaulted on August 18, 2020.

At the damages hearing, Patten appeared via video and was represented by

counsel, who appeared in person. Cormier's failed to appear. Patten testified and

the court admitted several exhibits into evidence.

---

[1]   A sixth count, against John Shipman, has been dismissed by agreement of
the parties.

## DAMAGES FINDING

Upon the entry of a default, the facts alleged in the complaint are deemed to have been proved. *Haskell v. Bragg*, 2017 ME 154, ¶4, 167 A.3d 1246. The allegations in Patten's cross-claim complaint, as well as the evidence admitted at the damages hearing, establish the following facts.

Patten worked for Cormier's Electric, LLC in 2019. Cormier's failed to pay Patten for all hours he worked including overtime hours. Pursuant to 26 M.R.S. § 626, an employee leaving employment must be paid in full no later than the employee's next established payday. That statute allows for a private right of action by the former employee. The court accordingly orders judgment against Cormier's on Count I for failure to pay wages and Count IV for unjust enrichment.[2]

For any violation of § 626, the employer is liable to the employee for the amount of unpaid wages, reasonable interest, "an additional amount equal to twice the amount of unpaid wages as liquidated damages," costs, and a reasonable attorney's fee. *See* 26 M.R.S. § 626-A; *Burke v. Port Resort Realty Corp.*, 737 A.2d 1055 (Me. 1999).

At the hearing, Patten presented his pay stubs from Cormier's as well as a spreadsheet summarizing the wages he is owed. The evidence demonstrates that Cormier's owes Patten $3,419.10 in unpaid wages. Cormier's is also liable to Patten

---

[2]    Patten does not seek a separate damages award on Count IV. By agreement of Patten, Counts II, III, and V are dismissed in light of the judgment awarded on Counts I and IV.

2

for $6,838.20 in liquidated damages, $3,425.00 in attorney's fees, and $292.40 for the costs of the suit.

The entry is:

Judgment awarded to Curtis Patten against Cormier's Electric, LLC in the amount of $3,419.10 for unpaid wages and $6,838.20 in statutory liquidated damages, plus pre-judgment interest at a rate of 4.53%, post-judgment interest at a rate of 10.73%, and attorney's fees of $3,425.00 and costs of suit of $292.40.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 9/20/23

_____
Julia M. Lipez
Justice, Superior Court

3