MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 60
Docket:        Yor-14-397
Submitted
 On Briefs:  April 23, 2015
Decided:       May 12, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR JJ.


SHIRLEY GAUTHIER

v.

JACQUELINE E. GERRISH et al.


GORMAN, J.

[¶1]  Jacqueline E. Gerrish, Gerrish Corporation, and Julie B. Gerrish appeal from (1) the Superior Court's denial of their motion to set aside the defaults (York County*, Fritzsche, J.*) entered against Jacqueline and the Corporation as a sanction for their failure to comply with a court order, and (2) the judgment by default entered for Shirley Gauthier[1] against Jacqueline and the Corporation. Jacqueline, the Corporation, and Julie argue that the court erred in failing to set aside the defaults pursuant to M.R. Civ. P. 55(c), in concluding that all necessary parties were joined pursuant to M.R. Civ. P. 19, and in failing to hold an

---

[1] On February 27, 2015, Jacqueline E. Gerrish, Gerrish Corporation, and Julie B. Gerrish filed a suggestion of death of Shirley Gauthier and, on March 3, 2015, we ordered that the appeal proceed in the usual course without a change in the caption.

evidentiary hearing before issuing the default judgment. We agree with the second and third contentions and vacate the judgment.

## I. BACKGROUND

[¶2] In 1953, Roland E. Gerrish and Jacqueline, a married couple, acquired a property located in Alfred, Maine. On March 3, 2008, Roland created the Roland E. Gerrish East Side Trust. The Trust property consisted of his undivided one-half interest in the Alfred property, which contains five rent-producing single-family residential units and one rent-producing residential duplex. The Trust instrument provided that Roland would be the income beneficiary for his lifetime, and Julie and Shirley[2] would be the remainder beneficiaries in equal shares upon his death. Roland died on May 9, 2011.

[¶3] The Trustee, Shirley, and Jacqueline were thereafter unable to agree on the use, maintenance, and upkeep of the property. Shirley offered to sell her interest to the Trustee and Jacqueline, but both rejected her offer.

[¶4] On September 9, 2013, Shirley filed a complaint for equitable partition against Joseph V. Lenkowski, Esq., in his capacity as Trustee; Jacqueline; and the Corporation.[3] All of the defendants were properly served. Jacqueline and the

---

[2] According to the parties' filings to us, Julie is Roland's daughter-in-law, and Shirley was Roland's friend.

[3] It appears from the complaint that Gerrish Corporation may own some of the improvements on the property.

Corporation filed a timely answer to the complaint, but the Trustee never filed an answer. On October 24, 2013, Shirley requested that the clerk enter a default pursuant to M.R. Civ. P. 55(a) against the Trustee, which the clerk entered on October 31, 2013.

[¶5] In December of 2013 and early January of 2014, Shirley's counsel wrote letters to the court to inform it that repeated efforts to contact counsel representing Jacqueline and the Corporation had been unsuccessful. On January 17, 2014, Shirley's attorney again wrote a letter to the court to inform it that the attorney representing Jacqueline and the Corporation had advised him of his intent to withdraw. In response to that letter, the court entered an order dated January 24, 2014, that stayed all deadlines for twenty-one days to allow Jacqueline and the Corporation to "schedule mediation or have new counsel enter an appearance." On February 19, 2014, after the twenty-one days had passed, the attorney for Jacqueline and the Corporation filed a motion to withdraw. On February 26, 2014, the court granted the motion, and included in that order language creating another twenty-one-day stay but also providing that "[f]ailure to indicate whether there will be new counsel or self-representation will result in a default." The order did not require the attorney who had just been relieved of his obligations to Jacqueline and the Corporation to notify them of that order, and

4

there is no indication in the docket that the court directed that the order be sent directly to Jacqueline and the Corporation.

[¶6]  In a document filed April 18, 2014, Shirley requested an entry of default against Jacqueline and the Corporation for their failure to comply with the court's February 2014 order.  That request was not captioned as a motion, did not contain the notice to other parties mandated by M.R. Civ. P. 7(b)(1)(A), and was not sent to Jacqueline and the Corporation.  Without waiting for a response, the court signed a proposed order stating: "Upon request of the Plaintiff default is entered against Defendant Jacqueline E. Gerrish and Defendant Gerrish Corp."  Although the order was signed on April 25, 2014, it was not entered into the docket until April 30, 2014.

[¶7] On April 30, 2014, an attorney filed a notice of appearance on behalf of Jacqueline and the Corporation and, on their behalf, filed an objection to the request for default.  Shirley filed an opposition to that objection stating that a default had already been entered.  Then, on May 22, 2014, Jacqueline and the Corporation filed a verified motion to set aside the default, explaining that their former counsel had failed to advise them of the deadline for obtaining new counsel or the consequences for failing to do so.  Shirley filed an opposition to that motion and, on June 9, 2014, filed a request for default judgment pursuant to M.R. Civ. P. 55(b)(2).  In her request, Shirley asked that the default judgment order "the

appointment of a Receiver, sale of the Premises together with the five mobile homes, stick-built house, and any other improvements situated thereon, [and] division of the proceeds of sale." Jacqueline and the Corporation filed an opposition to Shirley's request for a default judgment and, on the same day, filed a motion to join Julie as a necessary party pursuant to M.R. Civ. P. 19(a). Shirley filed an opposition to the motion to join Julie.

[¶8] On August 20, 2014, the court held an unrecorded hearing on the motions and, on August 25, 2014, entered two orders. The first was an order denying the motions to set aside the default and to join Julie. That order concluded, inter alia, that "[a]ll necessary parties were joined." The second was a judgment by default that granted the precise relief requested by Shirley. Jacqueline, the Corporation, and Julie[4] filed timely notices of appeal pursuant to 14 M.R.S. § 1851 (2014) and M.R. App. P. 2.

## II. DISCUSSION

### A. Motion for Joinder

[¶9] We review "a court's interpretation of the Maine Rules of Civil Procedure de novo and look to the plain language of the rules to determine their

---

[4] Shirley moved to dismiss Julie's appeal based on lack of standing. We ordered that the motion be considered with the merits of the appeal and, because we disagree with the contention that Julie lacks standing to appeal, we now deny the motion. *See* 14 M.R.S. § 1851 (2014); *Jamison v. Shepard*, 270 A.2d 861, 862-63 (Me. 1970).

6

meaning."[5]   *Town of Poland v. T & M Mortg. Solutions, Inc.*, 2010 ME 2, ¶ 6,

987 A.2d 524.

> [¶10]  Maine Rule of Civil Procedure 19(a) requires that
>
> [a] person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

*See also Larrabee v. Town of Knox*, 2000 ME 15, ¶ 10, 744 A.2d 544 ("Although

dismissal may be appropriate when a necessary party *cannot* be joined, if joinder

of a party is *possible,* then it is mandatory: If the person [i.e., the necessary party]

has not been joined, the court *shall order* that the person be made a party."

(quotation marks omitted)).

[¶11]  We have interpreted Rule 19(a) to require the joinder of a party

holding a property interest that will be affected by the litigation.     In

---

[5] We have never specified the appropriate standard of review to be applied to orders denying a motion pursuant to M.R. Civ. P. 19(a) to join a necessary party.  Nevertheless, in multiple cases, we have implicitly applied a de novo standard.  *See, e.g., Ocwen Fed. Bank, FSB v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275; *Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 9-11, 744 A.2d 544; *Centamore v. Comm'r, Dep't of Human Servs.*, 634 A.2d 950, 951-52 (Me. 1993).

*Efstathiou v. Payeur,* we concluded that the Town of Ogunquit was a necessary party when "the Referee intended to define the boundaries of a public way" because "[h]is determination . . . could not completely adjudicate the dispute between the parties because it left the Town of Ogunquit free to relitigate the way's boundaries." 456 A.2d 891, 893 (Me. 1983); *see also* 7 C. Wright et al., *Federal Practice and Procedure* § 1621, at 326-27 (3d ed. 2001) ("[I]n order to sue for damages for injury to the land or to sue for partition, all cotenants must be before the court in order that each may claim his share. Otherwise a multiplicity of suits or inconsistent determinations may result.").

[¶12] Here, Julie has a one-quarter interest in the land that Shirley seeks to have partitioned. Complete relief cannot be accorded among those already parties to the action because the relief that Shirley requested was a sale of the entire property, not a sale of the three-quarters undivided interest that the parties held. In addition, a sale of the entire property and division of proceeds could, in Julie's absence, impair Julie's ability to protect her interest or subject the parties to a substantial risk of future litigation.

[¶13] Furthermore, unless Julie is joined, it is almost certain that the resulting title will not be marketable. *See* 7 C. Wright et al., *Federal Practice and Procedure* § 1621, at 326 n.12 (3d ed. 2001) ("All owners of land are required to join in an action for partition in order that the resulting title be marketable."); *see*

8

*also Lowe v. Loftus*, 314 F. Supp. 620, 623 (S.D. Ga. 1970) ("I doubt whether any experienced real estate lawyer would approve a title created under a judgment based on a default and under the facts I have recited."); *Depositors Trust Co. v. Bruneau*, 144 Me. 142, 146-47, 66 A.2d 86 (1949) ("Every vendor in the absence of provision otherwise in the contract, impliedly contracts to tender a marketable title."). Therefore, Julie is a necessary party to the partition action and her joinder was mandatory. The court erred in concluding otherwise.

B.    Default Judgment

[¶14] "We review an alleged error in the court's entry of a default judgment for an abuse of discretion." *Richter v. Ercolini*, 2010 ME 38, ¶ 18, 994 A.2d 404. Maine Rule of Civil Procedure 55(b)(2) governs evidentiary hearings preceding the entry of a default judgment by stating

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall in the Superior Court accord a right of trial by jury to the plaintiff if the plaintiff so requests.

[¶15] We have held that, although parties may not challenge the underlying cause of action for which they have been defaulted, an evidentiary hearing may be necessary to craft a specific, enforceable remedy after the entry of a default. *See Ireland v. Carpenter*, 2005 ME 98, ¶ 20, 879 A.2d 35 (holding that the court was

required to hold an evidentiary hearing on the scope, nature, and location of an easement); *cf. Richter*, 2010 ME 38, ¶ 19, 994 A.2d 404 (holding that the court was not required to hold an evidentiary hearing when the parties stipulated as to the amount of the damages). Here, the unique facts of the case, namely the existence of multiple rent-producing buildings on the property and, presumably, tenants, along with the particular need to add Julie as a party to ensure that a partition action results in marketable title, necessitate a hearing as to the most appropriate method of partition.[6]

The entry is:

> Default judgment vacated. Remanded for further proceedings consistent with this opinion.

---

[6] The court entered default against Jacqueline and the Corporation as a sanction imposed pursuant to M.R. Civ. P. 16(d) for their failure to obtain new counsel as required by its February order. In light of our decision vacating the judgment, the need to join Julie as a party, and the need to allow *all* of the parties that hold an interest in the property to participate in the litigation, the defendants may wish to ask the court to reconsider that sanction. In particular, without full participation by the Corporation, the issues relating to the improvements on the properties, including potential issues with tenants, may prove difficult to fully resolve.

**On the briefs:**

Pamela S. Holmes, Esq., Holmes Legal Group, LLC, Wells, for appellants Jacqueline E. Gerrish, Gerrish Corporation, and Julie B. Gerrish

James J. Shirley, Esq., and Kenneth D. Keating, Esq., Roberts & Shirley Law Offices, Springvale, for appellee Shirley Gauthier

York County Superior Court docket number RE-2013-133