MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2015 ME 64
Docket:         Lin-14-367
Submitted
 On Briefs:     April 23, 2015
Decided:        May 12, 2015

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

SAFETY INSURANCE GROUP

v.

GAWAYNE DAWSON

ALEXANDER, J.

[¶1]  Safety Insurance Group (Safety Insurance) appeals from an order of the District Court (Wiscasset, *Raimondi, J.*) granting its request to amend a writ of execution enforcing a foreign judgment against Gawayne Dawson pursuant to the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S. §§ 8001-8008 (2014), and indicating, provisionally, that the post-judgment interest rate of the issuing state (New Jersey) would apply.  Safety Insurance argues that the application of post-judgment interest is a procedural matter, and, accordingly, the law of the issuing state is not entitled to full faith and credit, *see* U.S. Const. art. IV, § 1, and the writ should be amended to reflect Maine's post-judgment interest rate, *see* 14 M.R.S. § 1602-C(1)(B) (2014).

2

[¶2]  We do not reach this issue of conflict of laws because the record does not indicate that Safety Insurance provided the court with the necessary documentation of the statutory post-judgment interest rate for New Jersey, as the court ordered it to do.  Because the court never issued a final writ or entered a final judgment, we must dismiss the appeal as interlocutory.

## I.  CASE HISTORY

[¶3]  In 2012, the Superior Court of New Jersey entered a default judgment against Dawson, awarding Safety Insurance $9,412.80 plus $260.26 in attorney fees.  After nearly two years of nonpayment by Dawson, the New Jersey court issued a certification of statewide judgment lien against Dawson, providing for a new total debt amount of $9,721.43, including pre- and post-judgment interest.

[¶4]  In May 2014, Safety Insurance sought registration and enforcement of the judgment in Maine.  Safety Insurance mailed notice of its filing of the foreign judgment to Dawson.  *See* 14 M.R.S. § 8004(2).  On May 15, 2014, the District Court entered the New Jersey judgment pursuant to 14 M.R.S. § 8003 and issued a notice of registration of foreign order.  The court then issued a writ of execution in July 2014 indicating that Dawson owed $9,721.43 in principal debt and an additional $180 in costs.

[¶5]  Safety Insurance moved to amend the writ to include post-judgment interest, commencing on the date that the judgment was entered in Maine, and

specifically requested that the court apply Maine's 2014 statutory post-judgment interest rate of 6.13% pursuant to 14 M.R.S. § 1602-C(1)(B). By an order entered on August 18, 2014, the court concluded that the post-judgment interest rate of New Jersey, rather than Maine, should apply to the foreign judgment. In order to permit it to finalize the writ, the court ordered Safety Insurance to "supply [it] with documentation of the correct post-judgment interest rate from the issuing state of New Jersey" and indicated that, upon receipt of this information, the court would amend the writ to include the appropriate interest rate. There is no indication in the record that Safety Insurance filed this documentation as ordered by the court. Instead, before the court could finalize the writ, Safety Insurance brought this appeal.

## II. LEGAL ANALYSIS

[¶6] "The long-standing final judgment rule requires that, with limited exceptions, a party may not appeal a decision until a final judgment has been rendered in the case." *Irving Oil Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 8, 91 A.3d 594. A final judgment "is a decision that fully decides and disposes of the entire matter pending before the court . . . leaving no questions for the future consideration and judgment of the court." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148; *see also* M.R. Civ. P. 54(b)(1). Here, the court required additional documentation in order to amend the writ to reflect

post-judgment interest. Thus, the court's order, as one that "adjudicate[d] less than all the claims or the rights and liabilities of less than all the parties," was not a final judgment. M.R. Civ. P. 54(b)(1); *see also* 14 M.R.S. § 1602-C(1) (2014) (providing that "[t]he applicable post-judgment interest rate must be stated in the judgment, except for judgments in small claims actions").

[¶7] The fact that Safety Insurance believed that the court's conclusion on the applicable post-judgment interest rate was incorrect does not relieve it of its obligation to comply with the court order and supply the documentation necessary to finalize the judgment it sought to appeal. Because none of the recognized exceptions to the final judgment rule apply in this case, *see Bond v. Bond*, 2011 ME 105, ¶¶ 7-13, 30 A.3d 816, the appeal must be dismissed as interlocutory and remanded so that, after receiving the appropriate documentation, the court may enter a final judgment.

The entry is:

> Appeal dismissed. Remanded to the District Court for further proceedings consistent with this opinion.

**On the briefs:**

Daniel J. Eichorn, Esq., Gosselin & Dubord, P.A., Lewiston, for appellant Safety Insurance Group

Gawayne Dawson did not file a brief

Wiscasset District Court docket number CV-2014-36
FOR CLERK REFERENCE ONLY