MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 64
Docket:        Pen-15-258
Argued:        March 3, 2016
Decided:       April 28, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

## ESTATE OF STEVEN L. LAKE

MEAD, J.

[¶1]  George Lake was removed from the position of representative of the Estate of Steven L. Lake (the Estate) as a result of his failure to obtain a suitable bond.  Following that removal, the Penobscot County Probate Court (*R. Bradford, J.*) awarded attorney fees to Ralph Bagley on the basis of Bagley's motion for contempt, which was based on George's alleged failure to comply with a court order to obtain a bond.  George does not challenge his removal as personal representative, but contends that the court erred in proceeding on the motion for contempt because the motion did not satisfy the requirements of M.R. Civ. P. 66.[1] We agree and vacate the judgment.

## I. BACKGROUND

[¶2]  In 2011, Steven L. Lake murdered his wife, Amy Lake, and their two minor children before taking his own life.  Informal probate proceedings were

---

[1]  Pursuant to M.R. Civ. P. 66(a)(2)(F), Rule 66 is applicable to the Probate Court.

commenced in 2011 and George Lake, Steven's father, was appointed as the personal representative of the Estate. On September 22, 2011, Ralph Bagley, the father of Amy Lake and a personal representative of the Estate of Amy Lake, filed a creditors' claim against the Estate, *see* 18-A M.R.S. §§ 3-801 to 3-818 (2015), anticipating a wrongful death action on behalf of the Estate of Amy Lake against the Estate.

[¶3]    On May 29, 2012, Bagley filed a demand for bond, *see* 18-A M.R.S. § 3-605 (2015), seeking a bond in the amount of $150,000 based on the contentions that George misused assets and that the potential award from the wrongful death action was likely to subsume the entire Estate. Well over a year after Bagley's demand, on February 28, 2014, George filed a petition to waive bond, *see* 18-A M.R.S. § 3-604 (2015), citing his inability to obtain a commercial bond as a result of "animosity between the two [e]states."

[¶4] On March 18, 2014, Bagley filed a petition to remove George as the personal representative, *see* 18-A M.R.S. § 3-611 (2015), alleging, inter alia, that George should be removed because he failed to obtain a bond despite the earlier petition, *see* 18-A M.R.S. § 3-605 ("Failure of the personal representative to meet a requirement of bond by giving suitable bond within 30 days after receipt of notice is cause for his removal and appointment of a successor personal representative."). On January 15, 2015, the court (1) denied George's petition for waiver of bond,

requiring George to submit a personal surety bond in the amount of $75,000 within thirty days, and (2) denied Bagley's petition for removal.

[¶5]  On February 20, 2015, pursuant to M.R. Civ. P. 66, Bagley filed a motion for contempt against George alleging a failure to obtain a personal surety bond within the thirty days following the January 15 order.  The motion for contempt, however, was neither verified nor had an attached affidavit.  *See* M.R. Civ. P. 66(d)(2)(A) ("The motion of a party shall be under oath and set forth the facts that give rise to the motion or shall be accompanied by a supporting affidavit setting forth the relevant facts.").

[¶6]  The court held a hearing on Bagley's motion for contempt on March 19, 2015.  At the outset of the hearing, George challenged the sufficiency of the motion for contempt on the basis that it was neither made under oath nor had a supporting affidavit.  In response, Bagley's attorney argued that "any filing I make before this [c]ourt is under oath as an officer of the law."  The court agreed with Bagley's attorney's argument that the filing did not have to be under oath, saying,

> Well I am going to rule that . . . even though it says under oath giving rise and set forth the facts that give rise to the motion, while [the motion] technically doesn't say oh, I swear to this, I will accept [Bagley's attorney] saying that as an attorney and officer of the [c]ourt, she has made a motion to represent and under [Maine Rule of Civil Procedure 11] that provides I think is due diligence, the signing of pleadings and motions is sufficient for the [c]ourt . . . to go forward on that basis . . . .

4

[¶7]  Having decided that the motion satisfied M.R. Civ. P. 66(d)(2)(A), the court considered the merits of the case and concluded that it was "going to grant the petition . . . to remove [George] from this point forward as the personal representative and the [c]ourt will appoint [Bagley] as the personal representative to go forward."  Bagley also sought $4,030.25 in attorney fees in connection with the motion for contempt.  The court granted the motion on April 23, 2015, initially ordering George, in his individual capacity, to pay the attorney fees to the Estate, but the court later amended the order on April 30, mandating that George pay the attorney fees to Bagley's attorney's law firm instead.  On May 1, 2015, George filed a motion for reconsideration alleging that the attorney fees were excessive.  Before a decision was rendered on the motion, George appealed, contending, inter alia, that (1) Bagley's motion for contempt did not satisfy the requirements of M.R. Civ. P. 66; (2) the court failed to find him in contempt; and (3) the court abused its discretion in awarding attorney fees.[2]

## II.  DISCUSSION

[¶8]  "We review a court's interpretation of the Maine Rules of Civil Procedure de novo and look to the plain language of the rules to determine their meaning."  *Gauthier v. Gerrish*, 2015 ME 60, ¶ 9, 116 A.3d 461 (quotation marks omitted).  Maine Rule of Civil Procedure 66 provides that a motion for contempt

---

[2] George does not challenge his removal as the personal representative.

"shall be under oath and set forth the facts that give rise to the motion or shall be accompanied by a supporting affidavit setting forth the relevant facts." M.R. Civ. P. 66(d)(2)(A). It is undisputed that Bagley's motion for contempt was neither verified nor submitted with an accompanying affidavit.

[¶9] The court found that the motion for contempt satisfied Rule 66 because it was signed by an attorney pursuant to M.R. Civ. P. 11(a), apparently relying on the following provision in Rule 11:

> Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.

An attorney's signature pursuant to Rule 11, however, does not satisfy the procedural requirements of Rule 66. Rule 11 states that "*[e]xcept when otherwise specifically provided by rule or statute*, pleadings need not be verified or accompanied by affidavit." *See* M.R. Civ. P. 11(a) (emphasis added). As the plain language makes clear, Rule 66 is an instance, as contemplated by Rule 11, where a rule explicitly provides that a pleading must be verified or submitted with an accompanying affidavit. *See* M.R. Civ. P. 66(d)(2)(A) ("The motion of a party shall be under oath and set forth the facts that give rise to the motion or shall be accompanied by a supporting affidavit setting forth the relevant facts.").

Compliance with Rule 11 does not, in and of itself, satisfy the requirements of Rule 66. Because the motion for contempt here was neither verified nor submitted with an accompanying affidavit, the court erred in proceeding on the patently inadequate motion.[3]

The entry is:

Judgment vacated.

**On the briefs:**

Anthony P. Shusta II, Esq., Madison, for appellant George Lake

Jennifer L. Eastman, Esq., and Jonathan P. Hunter, Esq., Rudman Winchell, Bangor, for appellee Ralph Bagley

**At oral argument:**

Anthony P. Shusta II, Esq., for appellant George Lake

Jonathan P. Hunter, Esq., for appellee Ralph Bagley

Penobscot County Probate Court docket number 2012-400
FOR CLERK REFERENCE ONLY

---

[3] Because we conclude that the court should not have proceeded on the motion for contempt, we do not address any of George's additional arguments regarding the imposition and amount of attorney fees or the court's alleged failure to make a contempt finding.