MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 12
Docket:        Wal-16-149
Argued:        October 25, 2016
Decided:       January 19, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

GUARDIANSHIP OF ISABELLA ARD


HJELM, J.

[¶1]  In 2012, the Waldo County Probate Court (*Longley, J.*) appointed Nicole Tucker as the guardian of her niece, Isabella Ard, who is now five years old, and awarded Isabella's paternal grandmother, Serena Ard, rights of contact with the child.  In 2015 and 2016, Tucker and Ard[1] filed a series of motions relating to the terms of the guardianship and Ard's contact rights. After hearing, the court denied the motions.  Additionally, on a motion filed by Ard, the court found Tucker's attorney, Susan Thiem, in contempt and sanctioned her.  Both Tucker and Attorney Thiem appeal the judgment.  We affirm the order denying Tucker's motion but vacate the contempt finding and order of sanctions against Attorney Thiem.

---

[1]  In this opinion, we refer to Serena Ard, Isabella's paternal grandmother, as "Ard."

# I. BACKGROUND

[¶2]   This case stems from an ongoing conflict between relatives of Isabella regarding who should be the child's guardian due to her parents' inability to care for her.  Shortly after Isabella was born in June 2011, Tucker, her maternal aunt, filed a petition to be appointed Isabella's guardian, to which the parents agreed.  Ard initially contested the petition but ultimately also consented to it.  The resulting order, issued in May 2012, appointed Tucker as Isabella's full guardian and granted Ard specified rights of contact with the child.[2]  The court appointed Attorney Thiem to represent Tucker in February 2013, when several motions relating to the guardianship were pending and subsequently adjudicated.[3]

[¶3]   In April 2015, Ard filed a motion seeking to increase her contact with Isabella, and in May 2015, Ard filed a motion for the court to hold Tucker in contempt based on an allegation that Tucker was not permitting her to see Isabella.  Three months later, Tucker moved to terminate Ard's contact rights until counselors at a family treatment facility determined whether such

---

[2]  No party has challenged the court's authority to award contact rights to a third party.

[3]  The court amended the guardianship order in July 2013, but the changes to the May 2012 order are not material to the issues presented here.  Although the July 2013 order referred to Tucker as a limited guardian, the order does not appear to have altered Tucker's status as a full guardian, as the parties agreed at oral argument.  A limited guardianship of a minor typically reserves rights to the child's parents, but the May 2012 and July 2013 orders did not do so.  *See, e.g., Guardianship of Kean R. IV.*, 2010 ME 84, ¶ 7, 2 A.3d 340 (citing 18-A M.R.S. § 5-105 (2016)).

contact was in Isabella's best interest following an allegation that Isabella had been assaulted by another child during a visit with Ard.

[¶4]  The court began a hearing on those motions on September 8, 2015. A transcript of that hearing date has not been included in the record on appeal.  The hearing was not completed that day, and the court scheduled it to resume on October 27.  On October 19, Tucker filed a motion pro se to continue the hearing on the ground that Attorney Thiem had told her that the Probate Court judge was biased against Attorney Thiem, and thus that it would not be in Tucker's interest for that representation to continue.  The court rescheduled the hearing for November 24, 2015.  Attorney Thiem then filed a motion to withdraw as Tucker's counsel on October 27.

[¶5]  The court addressed the motion to withdraw at the November 24 hearing, where Ard's attorney argued that Attorney Thiem should be ordered to pay Ard's attorney fees for time spent preparing for the hearing.  The court treated this as an oral motion for sanctions and granted Attorney Thiem time to respond in writing.  The hearing proceeded, with Attorney Thiem continuing to represent Tucker despite the pending withdrawal motion.  At the hearing, Tucker testified that she knew her decision to prevent subsequent contact between Isabella and Ard violated the court's order, but

she nonetheless sought to suspend the contact pending an investigation into the assault allegation.

[¶6]  Several days later, on December 1, Ard filed a "motion for attorney fees" of $7,764, later corrected to $7,964.  In the written motion, Ard stated that she was withdrawing the oral motion for attorney fees against Attorney Thiem but was seeking attorney fees from Tucker under Rule 66, based on Tucker's testimony that she had prevented Ard from having contact with Isabella in violation of the court order.  *See* M.R. Civ. P. 66.  Through Attorney Thiem, Tucker objected to the motion, arguing in part that the motion seeking sanctions should be denied because it did not comply with the Rule 66 procedure for contempt motions.

[¶7]  Having not yet issued a final decision on the pending motions relating to Ard's rights of contact, the court issued three "interim orders" in December 2015, and January and February 2016, setting out specific contact schedules between Ard and Isabella.  Ard filed motions in January and February 2016 "for hearing [and] additional sanctions" and for "an immediate hearing for additional sanctions" against Tucker for her alleged contempt of court.  The court held a hearing on those motions on February 11.  Attorney Thiem was absent due to a scheduling conflict, but Tucker was present and

represented by a different attorney. The hearing concluded without the court issuing an order on the motions for sanctions against Tucker.

[¶8]  One week later, on February 18, Ard filed an "amended motion for attorney fees and out-of-pocket expenses," which she explicitly characterized as a Rule 66 motion. She again asserted that she was entitled to "a compensatory monetary penalty for the continuing contempt of this court's orders." Importantly for this appeal, the motion was directed against both Tucker *and* Attorney Thiem "jointly and severally," and stated that Tucker had testified that she violated court orders based on advice from Attorney Thiem. In the motion, Ard sought more than $12,000 in attorney fees. Ard did not ask the court to issue a contempt subpoena, *see* M.R. Civ. P. 66(d)(2)(B), and the record does not indicate that the court did so on its own initiative.

[¶9]  On March 11, 2016, the court issued an order on all pending motions. The order granted Ard's February 18 motion for sanctions as against Attorney Thiem, who had not filed a response. The court found that Attorney Thiem had caused delays in the proceedings that created "additional expenses and fees for all," that she "allowed her client to continue to violate court orders," and that she was "complicit[] in [Tucker's] ongoing willful violations of court orders." The court then ordered that Attorney "Thiem (not her client)

6

pay expenses, including fees resulting from her actions in this case," and that Ard file an updated attorney fee affidavit. In the order, the court denied the "remaining motions," which were Tucker's motion to terminate Ard's contact rights, Ard's motion to increase her contact with Isabella, Ard's motions for contempt and sanctions against Tucker, and Attorney Thiem's motion to withdraw.

[¶10] Pursuant to the March 11 order, Ard subsequently filed an affidavit claiming attorney fees in excess of $15,000 and approximately $600 in lost wages and babysitting expenses allegedly incurred by Ard. The record does not indicate that the court ever specified the amount Attorney Thiem would be required to pay pursuant to the March 11 order.

[¶11] Tucker and Attorney Thiem timely appealed.[4]

## II. DISCUSSION

[¶12] Tucker argues that the court erred by denying her motion to terminate Ard's visitation rights, and Attorney Thiem argues that the court abused its discretion by sanctioning her when the contempt procedures required by Rule 66 were not followed. We address these arguments in turn.

---

[4] On its face, the Notice of Appeal does not clearly state whether Attorney Thiem filed the appeal on behalf of Tucker or personally. Because the accompanying statement of issues on appeal, *see* M.R. App. P. 2(a)(2), lists challenges that would be pursued by each of them, we treat both Tucker and Attorney Thiem as appellants.

A.      Tucker's Motion to Terminate Visitation

[¶13]  Tucker appeals from the order denying her motion to terminate Ard's court-ordered rights of contact with Isabella until counselors could determine whether contact with Ard was in Isabella's best interest following the report of an assault.

[¶14]  "When an order of the Probate Court is appealed, we defer to the Probate Court on factual findings unless they are clearly erroneous." *Estate of Greenblatt*, 2014 ME 32, ¶ 12, 86 A.3d 1215 (quotation marks omitted).  As the moving party, Tucker had the burden of proof in the trial court, and therefore she must demonstrate on appeal "that a contrary finding is compelled by the evidence." *Dickens v. Boddy*, 2015 ME 81, ¶ 12, 119 A.3d 722.

[¶15]  The court summarily denied Tucker's motion.  In the absence of a motion for findings of fact, *see* M.R. Civ. P. 52(a),[5] we assume that the court "found all of the facts needed to support its decision if those facts are supported by competent evidence." *Gray v. TD Bank, N.A.*, 2012 ME 83, ¶ 15, 45 A.3d 735 (citing *Sutherland v. Morrill*, 2008 ME 6, ¶¶ 4-5, 940 A.2d 192).  Further, because Tucker has not provided a complete transcript of the hearing that resulted in the order from which she appeals, we will assume that the

---

[5]  Maine Rule of Civil Procedure 52 applies in Probate Court proceedings.  M.R. Prob. P. 52.

8

court's inferred findings "are supported by sufficient competent evidence in the record." *Springer v. Springer*, 2009 ME 118, ¶ 8, 984 A.2d 828.

[¶16]  Under these circumstances, we can find no error in the court's factual determinations and will not disturb its denial of Tucker's motion.

B.  Order of Sanctions against Attorney Thiem

[¶17]  Attorney Thiem argues that the court erred by granting Ard's Rule 66 motion against her and imposing an order of sanctions, because Ard's motion and the procedure used by the court did not comply with the requirements for contempt proceedings established in Maine Rule of Civil Procedure 66.  We agree.

[¶18]  We review a judgment of civil contempt for an abuse of discretion.  *Sullivan v. Tardiff*, 2015 ME 121, ¶ 17, 124 A.3d 652.  As to a court's interpretation and application of the Maine Rules of Civil Procedure, we exercise de novo review and "look to the plain language of the rules to determine their meaning." *Gauthier v. Gerrish*, 2015 ME 60, ¶ 9, 116 A.3d 461 (quotation marks omitted).

[¶19]  When the court issued its March 11, 2016, order sanctioning Attorney Thiem, there were five pending contempt motions filed by Ard.  Only Ard's motion of February 18, 2016, however, was directed against Attorney

Thiem; each of the other motions sought sanctions solely against Tucker. Therefore, only the February 18 motion could have been the basis for the court's order sanctioning Attorney Thiem. We examine that motion and the process surrounding it.

[¶20]  In her motion, Ard stated that she filed it "pursuant to Rule 66 of the Maine Rules of Civil Procedure," which governs the contempt process.  Ard also asserted in the motion that its purpose was to obtain a "compensatory monetary remedy" and "remedial compensation" caused by "the continuing contempt of [the] court's orders" granting Ard contact rights with Isabella.  On that basis, Ard sought the issuance of a contempt order against Attorney Thiem because of Attorney Thiem's alleged role advising Tucker not to allow contact between Ard and Isabella in violation of a court order.

[¶21]  "A remedial sanction is a sanction imposed to coerce the termination of an ongoing contempt or to compensate a party aggrieved by contempt."  M.R. Civ. P. 66(a)(2)(C).  Ard's February 18 contempt motion must be seen as one for remedial sanctions, not just because Ard characterized her relief that way, but because the nature of the sanctions she sought against Attorney Thiem—reimbursement for attorney fees and other expenses that

10

Ard claims were precipitated by Attorney Thiem's allegedly contemptuous conduct—falls squarely within the definition of a remedial sanction. *See id.*

[¶22] Rule 66(d) establishes a comprehensive procedure to determine the imposition of remedial sanctions. A party's motion to initiate a plenary remedial proceeding "shall be under oath and set forth the facts that give rise to the motion or shall be accompanied by a supporting affidavit setting forth the relevant facts." M.R. Civ. P. 66(d)(2)(A). An "attorney's signature [on a court filing] . . . does not satisfy the procedural requirements of Rule 66" that a motion be under oath. *Estate of Steven L. Lake*, 2016 ME 64, ¶ 9, 138 A.3d 483. Ard's motion was not under oath, however, and the only affidavit accompanying her motion contained billing records to support Ard's requested attorney fees. Where "the motion for contempt . . . was neither verified nor submitted with an accompanying affidavit, the court erred in proceeding on the patently inadequate motion." *Id.* On this basis alone, the court committed error in entertaining Ard's motion.

[¶23] Additionally, after a contempt motion is filed, the court is required to set the motion for hearing and issue a contempt subpoena, which must allow the respondent a reasonable time to file an answer and prepare a defense. M.R. Civ. P. 66(d)(2)(B). The order must also direct the movant to

serve the contempt subpoena and either the contempt motion or the court order on the respondent. M.R. Civ. P. 66(d)(2)(C). Service must be made "by an officer qualified to serve civil process." *Id.* Here, the court did not set the matter for hearing, issue a contempt subpoena, or issue an order of service, and there is no suggestion in the record that Ard properly served Attorney Thiem with the motion—all of which are required by Rule 66.[6] A court may not issue an order of contempt when it fails to issue a contempt subpoena absent "unique circumstances" that are not present here. *Cayer v. Town of Madawaska*, 2009 ME 122, ¶ 9, 984 A.2d 207 (holding that the absence of a contempt subpoena did not vitiate the contempt order where the court held a nontestimonial hearing and allowed the parties to submit written evidence and argument). Because the court failed to issue a subpoena and hold a hearing or otherwise allow Attorney Thiem an opportunity to submit evidence or otherwise be heard, the contempt order cannot stand.

[¶24]  Because Ard's motion did not satisfy the procedural requirements of Rule 66 and because the court did not implement the process required by that Rule, we vacate the order issued against Attorney Thiem.

---

[6] Ard argued on appeal that Attorney Thiem waived any objection to defects in the contempt motion for sanctions by failing to raise those issues below. As Ard acknowledged at oral argument, however, Attorney Thiem did not "miss" a twenty-one-day deadline to respond to the motion because the motion was not properly presented in the first place.

12

Further, the court erred in entertaining *any* request for relief based on Ard's February 18 motion because it bears no meaningful resemblance to a motion that satisfies the essential requirements of Rule 66. *See Lake*, 2016 ME 64, ¶ 9, 138 A.3d 483. We therefore remand with instructions for the court to dismiss the motion.[7]

The entry is:

> Order denying Nicole Tucker's motion to terminate contact affirmed. Order of contempt and sanctions against Attorney Susan C. Thiem vacated. Remanded with instructions to dismiss the motion for sanctions against Attorney Thiem.

---

Susan C. Thiem, Esq. (orally), Law Office of Susan C. Thiem, Esq., Lincolnville, appellant pro se and for appellant Nicole Tucker

Roger L. Hurley, Esq. (orally), Camden, for appellee Serena Ard

Waldo County Probate Court docket number 2011-0160
FOR CLERK REFERENCE ONLY

---

[7] As we have noted *supra*, the court has not specified the dollar amount of Attorney Thiem's remedial sanction. In a different context, we have held that where an order of monetary sanctions does not quantify the amount the responsible party must pay, an appeal from that order is interlocutory and must be dismissed. *Conservatorship & Guardianship of Ann B. Thomas*, 2017 ME 11, ¶¶ 10-11, --- A.3d ---. Here, on its face, Ard's motion was defective to an extent that it could not even invoke the court's authority to grant relief. *See Estate of Lake*, 2016 ME 64, ¶ 9, 138 A.3d 483. Therefore, a remand for the court to determine the amount of any sanctions would be fruitless, and we dispose of the matter here.