MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2017 ME 11
Docket:      Wal-16-110
Argued:      October 25, 2016
Decided:     January 19, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

CONSERVATORSHIP & GUARDIANSHIP OF ANN B. THOMAS

HJELM, J.

[¶1]  In this action for appointment of a guardian and conservator, the Waldo County Probate Court (*Longley, J.*) issued an order imposing sanctions against Attorney Susan C. Thiem, who represented Ann B. Thomas, the allegedly incapacitated person, during much of the case.  The sanctions order required Attorney Thiem to pay reasonable expenses, including attorney fees, based on a finding that she had "unreasonably interfered" with the proceedings and with the discovery process in particular.  As the sole issue on appeal, Attorney Thiem contends that the court abused its discretion by imposing sanctions.  Because the court has not yet issued an order determining any amount that Attorney Thiem would be required to pay, we dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶2]  In March 2015, Alanna Brown filed joined petitions in the Waldo County Probate Court requesting that she be appointed as guardian and conservator for her mother, Ann B. Thomas.  *See* 18-A M.R.S. §§ 5-303(a), 5-401 (2016).  The following month, after a pretrial conference, the court issued a scheduling order establishing deadlines for filing motions and completing discovery, and setting a hearing date.

[¶3]  A contentious discovery process followed.  On Brown's requests, the court held three telephonic discovery dispute conferences, *see* M.R. Civ. P. 26(g)(2),[1]  resulting in several discovery orders.  Brown subsequently filed a motion for sanctions pursuant to M.R. Civ. P. 37(b), alleging in part that Attorney Thiem had engaged in a pattern of refusing to cooperate fully in the discovery process.[2]  The court deferred ruling on the sanctions issue before the final hearing, and directed Brown's attorney to file an affidavit documenting her discovery-related fees and expenses.  Brown's attorney did so, claiming fees and expenses totaling $3,780.80.

---

[1]   The Maine Rules of Civil Procedure pertaining to discovery apply in Probate Court proceedings.  *See* M.R. Prob. P. 26-37.

[2]   Brown also filed a separate motion for sanctions pursuant to M.R. Prob. P. 16(c).  It is not clear from the record whether the court issued an order disposing of that motion.

[¶4]  The court held a final hearing on the petitions and all pending motions on July 21, 2015, but the hearing was not completed that day.  On July 23, Attorney Thiem filed a motion to withdraw based on her assertion that the court had exhibited prejudice and bias against her.  Five days later, the court granted Attorney Thiem's motion to withdraw with respect to future representation of Thomas, but denied the motion with respect to the pending sanctions issue.  The order allowed Attorney Thiem seven days to, among other things, submit evidence to support her allegations of bias.  Attorney Thiem filed further argument on that issue and also demanded a full evidentiary hearing on the issue of sanctions.

[¶5]  In September 2015, after the final day of hearing on the petitions, where Thomas was represented by new counsel and Attorney Thiem was not present, the court entered a judgment denying Brown's petition to be appointed as guardian for her mother, but granting her petition to be appointed as conservator.  Without further notice or hearing, on January 26, 2016, the court entered a separate order in which the court "sanction[ed]" Attorney Thiem based on a finding that she "unreasonably interfered with civil proceedings" by failing to act in good faith, follow discovery rules, and comply with court orders.  The court ordered Attorney Thiem "to pay

4

reasonable expenses, including counsel fees, required by her" misconduct pursuant to M.R. Civ. P. 37(a)(4) and (d),[3] but the court did not specify the amount that Thiem would be required to pay. The court granted leave for Attorney Thiem to withdraw fully as counsel, conditioned upon her payment of those still-unquantified expenses.

[¶6] Attorney Thiem filed a motion for additional findings of fact and for amendment of the order. *See* M.R. Civ. P. 52(b), 59(e).[4] The court granted the motion, but only to the extent of directing Brown's attorney to submit an updated affidavit of expenses and attorney fees. Attorney Thiem then timely appealed. *See* 18-A M.R.S. § 1-308 (2016); M.R. App. P. 2(b)(3).

[¶7] On March 22, 2016, while this appeal was pending, Brown's attorney filed an updated affidavit claiming $22,566.66 in attorney fees and $2,173.80 in costs that she asserted were attributable to Attorney Thiem's

---

[3] M.R. Civ. P. 37(a)(4) provides that if a court grants a motion to compel discovery, "the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees . . . ."

M.R. Civ. P. 37(d) provides that if a party "fails . . . to appear before [an] officer who is to take a deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney fees, caused by the failure . . . ."

[4] Maine Rules of Civil Procedure 52 and 59 apply in Probate Court proceedings. *See* M.R. Prob. P. 52, 59.

sanctioned conduct. At oral argument, the parties stated that the court had not yet issued an order specifying the amount that Attorney Thiem would be required to pay as sanctions.

## II. DISCUSSION

[¶8] On this appeal, we are asked to determine only whether the court abused its discretion by imposing sanctions against Attorney Thiem pursuant to M.R. Civ. P. 37. *See Estate of Hoch v. Stifel*, 2011 ME 24, ¶¶ 32, 34, 16 A.3d 137 (stating that "a trial court's imposition of sanctions for discovery violations [is reviewed] for an abuse of discretion"). Attorney Thiem argues that there is no evidence in the record to support the court's findings of misconduct, that the findings are insufficient to support the result, and that the court violated her due process rights by imposing sanctions without holding an evidentiary hearing on that issue. Although neither party raises the issue of whether the judgment is final, we determine that it is not, and we therefore dismiss this appeal on our own initiative without reaching any of Attorney Thiem's substantive challenges to the sanctions order or the process leading to its issuance. *See Bank of N.Y. v. Richardson*, 2011 ME 38, ¶ 7, 15 A.3d 756 ("Whether or not a party has argued the issue, we consider sua

6

sponte whether a matter is properly before us on appeal from a final judgment.").

[¶9] The "final judgment rule requires that, with limited exceptions, a party may not appeal a decision until a final judgment has been rendered in the case." *Safety Ins. Grp. v. Dawson*, 2015 ME 64, ¶ 6, 116 A.3d 948 (quotation marks omitted) (stating that a judgment is "final" if it "fully decides and disposes of the entire matter pending before the court leaving no questions for the future consideration and judgment of the court" (alteration omitted) (quotation marks omitted)); *see also* M.R. Civ. P. 54(b)(1).[5]

[¶10] We have explicitly stated that an order imposing discovery sanctions pursuant to Rule 37 is "not a final judgment suitable for appellate review" if the order does not "determine the amount of attorney fees to be paid" but merely directs the moving party to file an attorney fees affidavit. *Flaherty v. Muther (Flaherty I)*, 2011 ME 32, ¶ 28 n.10, 17 A.3d 640. Were we to treat an order that does not quantify the amount of sanctions as a final judgment, then—as with any order that is not final—we would run the risk of countenancing unnecessary delay, and wasting resources of the courts and the parties by inviting piecemeal litigation and deciding issues on appeal that

---

[5] Maine Rule of Civil Procedure 54(b) applies in Probate Court proceedings. *See* M.R. Prob. P. 54(b).

could "ultimately be mooted by subsequent actions in the trial court." Alexander, *Maine Appellate Practice* § 301 at 218-19 (4th ed. 2013). Accordingly, we will not reach a challenge to a court's decision to impose sanctions pursuant to Rule 37 until the court has determined the amount of sanctions to impose. *See Flaherty v. Muther (Flaherty II)*, 2011 ME 34, ¶¶ 4-5 & n.3, 10, 17 A.3d 663 (addressing a challenge to an attorney fee award pursuant to M.R. Civ. P. 37(c) and 54(b)(3) only after the court issued a final order awarding a specific amount of sanctions based on an updated affidavit filed by the moving party).

[¶11]  Here, the court has not quantified the amount of any attorney fees and expenses to be paid by Attorney Thiem as a sanction for her discovery violations.  As a result, the sanctions order is not a final judgment suitable for appellate review.

[¶12]  We therefore dismiss this appeal without reaching the merits, and remand the matter to the Probate Court.  We assume that the court will provide Attorney Thiem a proper opportunity to be heard before issuing any order that adjudicates the matter.

The entry is:

> Appeal dismissed.

8

Susan C. Thiem, Esq. (orally), Law Office of Susan C. Thiem, Lincolnville, appellant pro se

Naomi C. Cohen, Esq. (orally), West Rockport, and Roger L. Hurley, Esq., Camden, for appellee Alanna Brown

Waldo County Probate Court docket number 2015-47
FOR CLERK REFERENCE ONLY